# THE VILLAGE OF CHATSWORTH

## *v.*

## ELIZA ROWE.

*Filed at Ottawa April 3, 1897.*

1. APPEALS AND ERRORS—*questions which are conclusively settled in Appellate Court.* In an action against a city to recover damages for injuries received from a defective sidewalk, whether the plaintiff used due care, whether the city was negligent, and whether the injury resulted as charged and to the extent claimed, are questions of fact finally settled by the Appellate Court's judgment.

2. SAME—*harmless errors are not ground for reversal.* The rulings of the trial court in the admission and exclusion of testimony, which work no injury, are not ground for reversal, even though they may be erroneous.

3. SAME—*failure to move to exclude evidence admitted without objection waives error.* The fact that part of a witness' answer to a question was objectionable cannot be assigned as error on appeal, where the question itself was not objected to, and no motion was made to exclude the objectionable part of the answer from the jury.

4. VARIANCE—*to avail of variance objection must be made when evidence is offered.* One desiring to avail himself of a variance between the allegations of the declaration and the proof must object to the evidence alleged to constitute the variance at the time it is offered at the trial.

5. EVIDENCE—*right of plaintiff in personal injury case to testify as to his occupation.* Where a declaration in a personal injury suit alleges that the injury has hindered plaintiff in transacting his business, wherefore he is damaged, etc., the plaintiff may show what his business was, what he was earning and what his labor was worth. (*Wabash Railway Co.* v. *Friedman*, 146 Ill. 583, distinguished.)

6. SAME—*expert may give an opinion as to cause of injury from examination of injury itself.* In an action to recover damages for personal injury, the opinion of a witness called as an expert as to the cause of the injury is competent, though based on a personal examination of the injury itself.

*Village of Chatsworth* v. *Rowe*, 66 Ill. App. 55, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

C. C. STRAWN, and A. C. NORTON, for appellant.

TORRANCE & TORRANCE, and GEORGE W. PATTON, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Livingston county, wherein appellee, Eliza Rowe, sued the village of Chatsworth for an injury alleged to have been received from a fall on a defective sidewalk in the village. The only question properly presented by the record for our consideration is whether the court erred in its rulings on the admission or exclusion of evidence and in its instructions to the jury.

It appears from the record that the plaintiff resided in the village of Chatsworth; that she did washing for the residents of the village; that on May 7, 1889, she left her home in the south-west part of the village to go to the residence of W. W. Sears, in the north-east part of the town, to do the family washing; that when she arrived at a point on the sidewalk between the residence of one Trask and Sears her foot was caught in a hole in the plank sidewalk, and she fell and received a severe injury on the knee of one of her limbs.

Whether the plaintiff was in the exercise of ordinary care at the time of the injury, whether the village was guilty of negligence in failing to keep the sidewalk in repair, and whether the injury complained of resulted from the fall to the extent claimed, are each and all questions of fact settled by the judgment of the Appellate Court and will not be discussed here.

It is first claimed that there was a variance between the evidence of the plaintiff in regard to the manner in which she received the injury, and the declaration. In order to avail of a variance between the proof and the declaration it is well settled that objection must be made

at the time the evidence is offered, otherwise it will be waived. Here the record fails to show that an objection of that kind was made at the time. Moreover, there was no substantial variance between the proof and the declaration.

It is next claimed that the court erred in allowing plaintiff to testify that she was engaged in washing, and received for her work one dollar per day. It was alleged in the declaration that "plaintiff was hindered from transacting her business affairs, etc., wherefore plaintiff says she is injured, and has sustained damages to the amount," etc. Under the declaration plaintiff had the right to show what her business was, what she was earning and what her labor was worth. There is no similarity between this case and *Wabash Railway Co.* v. *Friedman,* 146 Ill. 583, where plaintiff was allowed to prove that he was receiving a salary of $3000 per year as a traveling salesman, where the declaration contained no allegation of any special contract or engagement of plaintiff with any person under which he might earn money for his services. Moreover, in this case the court, in the instructions to the jury, confined the amount of recovery to the money expended in attempting to be cured, pain and suffering endured and the permanent injury received.

Plaintiff testified that after the fall on the sidewalk, and after getting up, she managed to go into Mrs. Sears' house, which was but a short distance away. This question was asked: "What occurred when you hobbled up to Sears' house?" and she answered: "When I got to Sears' house Mrs. Sears was coming out of the door with a pail, and she says, 'What is the matter?' I says, 'I fell and hurt myself bad on the sidewalk,' and she says, 'I have called and called upon the board; can you tell me why they do not fix it?'" No objection was made to the question. That part of the answer in which witness stated what Mrs. Sears said was objectionable, but a motion should have been made to exclude that part of the answer   .

from the jury. That course was not, however, pursued. There was therefore no ruling of the court upon which an exception can be predicated.

It is also claimed that the court erred in sustaining an objection to the question asked Mrs. Rowe on cross-examination, if she knew the sidewalk in question as well as she knew any sidewalk that she walked over for two or three years. We perceive no particular objection to the question, but as the witness stated fully all about the sidewalk where the injury was received, the error of the court, if error it was, caused no injury and was not ground of reversal.

Dr. Whitmore, who had treated plaintiff's knee, testified that the condition of the knee when he first examined it could have been produced by a fall or external injury. He also gave the same opinion from examinations at different times. We perceive no objection to this evidence. If, from an examination, the physician was able to tell what was the cause of the injury, his opinion was competent for the jury, in connection with other evidence.

It is also insisted that the court erred in allowing a hypothetical question to be asked an expert, Dr. Marshall. Whether the form of the question was objectionable or whether it contained incompetent matter we are not called upon to determine, as no such question was raised. The only objection made to the question was that it was incompetent. It is a common practice in a case of this kind to call experts and ask hypothetical questions, and it has never been understood that such questions are incompetent. Another objection made to the question was that the doctor, in a part of the question, was requested to state his opinion from what he had observed from a personal examination of the limb. If the expert had an opinion in regard to the injury from a personal examination of the knee, we see no reason why that opinion, whatever it might be worth, was not proper for the jury.

Several other questions have been raised in regard to the ruling of the court on evidence, which have been duly considered, but we do not find them of sufficient importance to merit a discussion here. While the ruling of the court may not have been technically accurate in every instance, we find no such error as would authorize a reversal of the judgment.

Complaint is made in the argument of plaintiff's first and sixth instructions. The first, in order to justify a recovery, requires the jury to find, from the evidence, that plaintiff was injured as alleged in the declaration, that the sidewalk was out of repair and in a dangerous condition, and that the authorities of the village knew of the defect, or by the exercise of reasonable care might have known of it in time to have repaired it before the injury, and that plaintiff sustained injuries by reason of falling on the defective sidewalk when she was in the exercise of ordinary care. If the jury found, from the evidence, the facts required by the instruction, it is plain plaintiff was entitled to recover, and we see no substantial defect in the instruction.

The sixth instruction in substance informs the jury that in arriving at a verdict whether the injury of plaintiff was the result of a fall on the sidewalk in the village of Chatsworth, they should consider all the facts and circumstances in evidence. We perceive nothing wrong in the instruction, and surely it could not have misled the jury.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT took no part.