City of Kankakee v. Steinbach.

## City of Kankakee v. Dora Steinbach.

1. EVIDENCE—*Medical Expert May Testify that an Injury Could Have Been Caused by a Fall.*—In a suit for injuries received from a fall on a sidewalk, it is proper to permit a medical expert to testify that a physical condition which he finds existing in plaintiff could have been caused by a severe fall.

2. SAME—*When the Place on a Sidewalk Where an Injury Was Received Can Not be Ascertained.*—Where the precise spot where plaintiff fell on a sidewalk can not be ascertained, a reasonable latitude of space may be given in describing the condition of the walk.

3. SAME—*Of What an Injured Person Was Able to Earn Before the Accident.*—Where the declaration alleges that by reason of the injuries complained of plaintiff has been and will be hindered from transacting her necessary business and affairs, proof is competent of what she was able to earn at her trade before she was injured.

Action for Personal Injuries.—Appeal from the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed June 8, 1900.

T. F. DONOVAN, city attorney, for appellant; T. W. SHIELDS, of counsel.

A. L. GRANGER and W. R. HUNTER, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is a suit brought by Mrs. Dora Steinbach against the city of Kankakee to recover for injuries resulting from a fall upon a defective sidewalk on Main street in said city. The city pleaded not guilty. At the first trial plaintiff recovered a verdict for $1,000. On defendant's motion this was set aside, and on the second trial plaintiff recovered a verdict for $500, and had judgment thereon. Defendant appeals.

Defendant filed a written motion for a new trial, assigning six grounds or reasons upon which it rested its motion. The first three are practically meaningless, as defendant concedes, owing, it is said, to errors of an inexperienced stenographer. The other three are that the verdict is contrary to the law and the evidence and is not approved by the evidence, and that the damages are excessive.

Plaintiff's proof tended to show the following facts:

Mrs. Steinbach was walking with two others on a wooden sidewalk upon a main traveled street of the city, carrying a bundle in each hand. One of the others stepped upon a loose board in the walk, and it tipped up, and Mrs. Steinbach was thereby thrown down and fell upon her side. She had to be helped up; the skin of her right leg was scraped off and her clothing was torn. She was faint on her way home; her left instep became swollen; she had a pain in her left side which has continued ever since and prevents her being able to bear the pressure of tight clothing. She has also had ever since a pain in her back which affects her when she lies down in certain positions, and a pain through her sides which she described as a dragging down pain. These pains began right after she fell. At some times these pains are worse than at others. Her strength has not been what it was before the fall. When she has been on her

feet·a little she has to give up.  She could not work as she did before.  The fall was in June, 1897.  She had a miscarriage in August, 1897, and again in January, 1899.  The medical testimony indicated these might have been caused by injuries to the ligaments supporting the womb, and these injuries could have resulted from a severe fall.  Since the first miscarriage she has been confined to her bed a great deal.  It is by no means certain that these miscarriages resulted from the fall, but upon the evidence they may have done so, and the court could not determine they were not so caused and exclude the evidence on that subject, but was bound to submit it to the jury.  Mrs. Steinbach had been a dressmaker before her marriage and continued that occupation to some extent after marriage, and was able to earn ten to fifteen dollars per week.  She repeatedly tried to resume that work after her fall, but found herself unable to do it.  The place of the fall was between a certain drug store and the next corner south, a distance of one hundred feet.  The precise point could not be stated, but it seems to have been not very far from the drug store.  All along that piece of walk the sills and under surface of the boards were rotten and several boards were loose because the sills would not hold the nails.  This condition had existed for several months.  Mrs. Steinback was walking as people naturally walk upon the street.  She knew that it was a bad piece of walk, but was not aware of any particu'ar defect, and did not know boards were loose at that spot.  Outside of expert medical testimony defendant called but one witness.  He owned the vacant lot next south of the drug store and described the walk and did not know it was in bad condition at that time.  Defendant's expert medical testimony related chiefly to miscarriages.

Under this proof the jury were warranted in finding the sidewalk out of repair, and that it had been in that condition so long that the proper officers of the city should have ascertained its condition and repaired it, and that Mrs. Steinbach was exercising due care and was injured by reason of the defective condition of the sidewalk.  We can not hold the

damages excessive under the proof. These are all the questions presented to the court below by the motion for a new trial.

Counsel for defendant, however, states the first three reasons assigned for a new trial were intended to question the action of the court in permitting Dr. Fraser to give his opinions as to what might have caused certain injuries complained of, and the ruling of the court in giving instructions for plaintiff and refusing instructions for defendant. We think it is not incompetent for one who has properly qualified as a medical expert to testify that a physical condition which he finds existing in a patient could have been caused by a severe fall, and that is what Dr. Fraser's testimony referred to in the motion finally amounts to, when it is all considered. Many other objections to the evidence are now argued, which defendant did not even intend to include in its motion for a new trial. Much evidence on the subjects now complained of went in without objection. As the precise point where the fall occurred could not be told, a reasonable latitude of space was necessarily given plaintiff in describing the condition of the walk. The declaration charged that by reason of said fall plaintiff is injured for life, and has been and will be hindered from transacting her necessary business and affairs. Hence, the evidence of what plaintiff was able to earn at her trade was competent. (C. & E. R. R. Co. v. Meech, 163 Ill. 305; Village of Chatsworth v. Rowe, 166 Ill. 114.) The instructions given for plaintiff stated the law correctly. The court gave eleven instructions for defendant, covering with sufficient fullness the law applicable to the case from its standpoint. The ten instructions asked by defendant and refused, so far as correct, were but repetitions in another form of these given for defendant.

The judgment is affirmed.