City of Chicago v. Powers.

## City of Chicago v. Patrick Powers.

### Gen. No. 11,379.

1. CONDITION OF HEALTH—*when proof of, improperly made.* A question as follows: " What would you say was the cause of his present condition," is improper where it is a part of the defense that the plaintiff's condition was not the result of the accident sued upon.

2. EVIDENCE—*when error to strike out.* It is error to strike out the entire evidence of a witness because of his failure to return to court and bring with him a certain memorandum as directed, where his entire testimony did not relate to the subject-matter of the memorandum in question, and it does not appear that his failure to return was the fault of the party who originally produced him and where no attempt to compel his re-attendance by attachment was made.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed December 16, 1904. Rehearing denied January 31, 1905.

**Statement by the Court.** This is an appeal from a judgment for $20,000 against appellant in an action by appellee to recover for personal injuries.

The declaration charges that the city possessed and controlled a certain railing attached to and built upon the sidewalk around a basement leading into the building at the corner of Ashland avenue and Fulton street; that it suffered the sidewalk uprights and railing to be in unsafe repair and condition, so that when appellee with due care leaned against the railing, by reason of its decayed and insecure condition and that of the sidewalk, the uprights gave way where they were fastened to broken and decayed planks in the sidewalk, and appellant was precipitated into the basement, a distance of fifteen feet, thereby receiving the injuries complained of.

John F. Smulski, City Attorney, for appellant; Moritz Rosenthal, of counsel.

Darrow, Masters & Wilson, for appellee.

Mr. Justice Freeman delivered the opinion of the court.

It is contended that the city is not liable under the evidence; that there is no evidence that the city knew or by reasonable care could have known the condition of the railing, and that there was error in the admission and exclusion of evidence.

Appellee's story of the accident is that he was on his way home past the corner where he fell. He knew there were steps leading down to the basement, and knew that there was a railing in front. He says that he felt himself getting a little weak, and said to himself, "Now, if I rest a little while on one of those handles on the railing, then I will take a new start for home;" that he reached his left hand to the railing, as he was going north on the west side of Ashland avenue, and was just in the act of turning around when it went right over with him, and that is all he knew. He remembers falling. He had been ill for over four weeks preceding.

City of Chicago v. Powers.

The question of the liability of the city under the evidence was submitted to the jury. It is not, so far as we can discover, controverted that there was evidence warranting such submission, if it be conceded that the city is liable for injuries suffered from such use of the railing as appellee was making in this case. As to that we express no opinion. There are authorities in other states to the effect, as stated in Stickney v. City of Salem, 3 Allen (Mass.) 374–377, that " a city or town is not bound by law to erect and maintain railings for persons to sit upon or lean against. They are not intended to be used for the convenience and accommodation of those who seek for a place of rest, while they stop in the highway to lounge or to recover from fatigue, or to engage in conversation. If a person uses them for such purposes, he does it at his own risk." See also Orcutt v. Kittery Point Bridge Co., 53 Maine, 500–504; Kinney v. Onsted, 113 Mich. 96–99; Balch v. Garling, 29 Southeastern Rep. 146 (Georgia); Stinson v. Gardiner, 42 Maine, 248–254.

It is, however, earnestly contended that there was error in the admission and exclusion of evidence which requires a reversal of the judgment. A hypothetical question was put to one of the plaintiff's medical experts, which concluded as follows: " What would you say was the cause of his present condition?" To this the witness replied : " My conclusion in regard to the cause of the condition was that this was brought about by his fall." An objection to the question was overruled and the city's attorney preserved an exception. It would doubtless be competent for the witness as an expert to state whether or not a fall such as that appellee is said to have suffered might have sufficed to produce the alleged physical conditions for which appellee seeks compensation in damages. But the question as put, called for the doctor's direct testimony on the very question of fact which the jury were there to determine. If a witness, expert or not, can decide on the witness stand such a question of fact as was here involved, the presence of the jury is in such cases unnecessary. The general subject here presented has been very fully discussed in the

recent case of I. C. R. R. Co. v. Smith, 208 Ill. 608, and it is there said (page 613) that "the opinion of witnesses should not be asked in such a way as to cover the very question to be found by a court or jury." . Citing Chicago & Alton R. R. Co. v. Springfield & N. W. R. R. Co., 67 Ill. 142. In the case before us one of the questions presented for the court and jury to determine was whether appellee's physical condition, which he ascribes to the fall into the basement area, was in reality so caused or not. It is contended by the city that his condition, in the main at least, is the result of previous disease and not of the fall. What the jury were entitled to know of the witness as an expert was whether or not in his opinion a fall such as there was evidence tending to show appellee had suffered might produce that condition. Whether it did so produce it or whether it was produced by previous disease or other accidents was a question for the jury, the determination of which was not within the province of any medical expert. We agree entirely with the statement of appellee's attorneys that it was competent for the witness as an expert " to testify that a physical condition which he finds existing in a patient could have been caused by a fall." The question and answer under consideration were not to the effect that it could have been so caused, but that it was so caused and by the particular fall in controversy; and as to that question of fact the expert was no more competent to testify than any other witness. In cases cited by appellee's attorney in support of the propriety of the question and answer we are considering, the testimony of the expert was that the physical conditions could have been caused by a fall or external injury, not that they were so caused. City of Kankakee v. Steinbach, 89 Ill. App. 516; Village of Chatsworth v. Rowe, 166 Ill. 114–117. It is a different thing for an expert to testify as to the cause of an injury, to an eye, for example, than to state that a particular fall or a particular blow caused that or any other injury. The first may be proper, the second cannot be. We are aware that a contrary view has been expressed. People's G. L. & C.

Co. v. Porter, 102 Ill. App. 461–470. The weight of authority is, however, in accord with what is said in I. C. R. R. Co. v. Smith, *supra*, which must, we think, be regarded as settling the question in this state. Other cases in point are Lacas v. Detroit City Ry., 92 Mich. 412–417; Cannon v. The People, 141 Ill. 270–277; I. C. R. R. v. Treat, 75 Ill. App. 327–342; Netcher v. Bernstein, 110 Ill. App. 484–487; People v. Hare, 57 Mich. 505–512; Jones v. Village of Portland, 88 Mich. 598–613; A. & E. Ency. of Law, vol. 12, 2nd ed., p. 444. We are of opinion that the evidence in question was erroneously admitted.

It is insisted that the trial court erred in striking out all the testimony of the witness Bain relating to repairs of the sidewalk and railing, which appellee alleges were in a defective condition, causing the accident. This witness testified that in August, 1900, these were thoroughly repaired. The accident occurred it is alleged November 23 of that year. The witness was cross-examined, and stated that he had a memorandum of the payment of a carpenter's bill for the repairs, on the stub of a check book, at his store, which he had looked at an hour or two before testifying. Appellee's attorney asked him at the conclusion of his cross-examination if he would bring the memorandum, and the witness said, "I will try to." The attorney then asked him to be in the court room at quarter past nine the next morning. The court did not sit until ten o'clock the next morning, and the witness did not then nor thereafter appear. The court on appellee's motion ruled that it would "strike out everything relating to the repairs, if he is not produced before the case is closed." To this ruling an exception was preserved. The propriety of the court's action in this matter is elaborately argued. We regard it as erroneous. There is no doubt that the right of cross-examination must be maintained. It appears, however, that it was not the fault of appellant or its attorney that the witness did not appear, and it was competent for the court to issue an attachment for the witness and have him produced within the two or three days thereafter during which, as

appellee's brief states, the trial continued.   The testimony stricken out was not all of it dependent upon the memo-‌randum referred to ‌by the witness, and striking it out deprived appellant of evidence material to the defense. We think the testimony should have been allowed to go to the jury.   Doubtless its value would have been lessened in their eyes by the failure of the witness to produce the memorandum.   But the cross-examination had been appar-ently concluded.   Appellee's attorneys were through with the witness, except that they wanted him to produce the memorandum.   No question of this kind is likely to arise, however, ‌on another trial, and the subject need not be fur-ther pursued.

For the reasons indicated the judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice SMITH took no part in the decision of this case.