### Elgin, Aurora & Southern Traction Company v. Eudora Hench.

#### Gen. No. 4,728.

1. TRACTION COMPANY—*care required of, in selecting route.* A traction company in selecting its route must use care to select a safe one.

2. TRACTION COMPANY—*liability of, for personal injuries suffered through disrepair of bridge.* A traction company which undertakes to pass over a bridge owned by a municipality without seeing to its safety is liable to its passengers for injuries resulting to them through the insufficiency of the bridge used to sustain the weight of the cars of such company.

3. BRIDGE—*what evidence not competent with respect to unsafe condition of.* A resolution of a city council concerning the safety of a bridge, or the lack of the safety thereof, and other records of such body pertaining to the same subject-matter, are not competent in a suit between third parties which brings into question the condition of such bridge.

4. ORDINANCE—*when proof of, which restricts speed of running cars over bridge, incompetent.* An ordinance limiting the speed of running cars over a bridge is incompetent where there was no negligence charged based upon the speed of the car.

5. OBJECTION—*effect of specific.* A specific objection waives a general one.

6. COMMON CARRIERS—*instruction as to duty of, erroneous.* It

is error to instruct the jury that "it is the duty of common car-
riers to do all that human care, vigilance and foresight can reason-
ably do, under the circumstances and in view of the character
of the mode of conveyance adopted, reasonably to guard against
accidents," etc., without inserting in such instruction the clause
"consistent with the practical operation of the road."

7. PASSENGER AND CARRIER—*rule with respect to presumption of
negligence defined*. The rule is that when a passenger while in
the exercise of ordinary care is injured and the cause of the
injury is within the control of the carrier, a presumption of neg-
ligence arises against the carrier and a *prima facie* case is made
out entitling the passenger to recover until the *prima facie* case
is rebutted. The use of the term that the burden of proof is in
such case on the defendant does not mean that the defendant must
prove its defense by a preponderance of the evidence, but that the
defendant is under the necessity of producing evidence to rebut
the presumption of negligence.

Action in case for personal injuries.   Appeal from the Circuit
Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presid-
ing.   Heard in this court at the October term, 1906.   Reversed and
remanded.   Opinion filed May 15, 1907.

HOPKINS, PEFFERS & HOPKINS, for appellant.

BOTSFORD, WAYNE & BOTSFORD, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the
court.

This is an appeal by the defendant from a judgment
for $4,000 recovered against it by appellee in an action
on the case for personal injuries. The declaration al-
leges that the defendant is a corporation organized
under the laws of Illinois; that the defendant was in
possession of, using and operating an electric railway,
between the city of Aurora, through the city of St.
Charles to the village of Carpentersville, with cars
thereon for the conveyance of passengers for reward;
that the rails of said railroad upon which the cars of
defendant were operated were, and had been for a long
time, laid over a certain bridge across Fox river in the
city of St. Charles, over which the defendant had been
accustomed to run its said cars, and that on July 1,

1902, plaintiff, at Geneva, on the west side of said river, became a passenger, to be carried from Geneva to the city of Elgin; that to convey plaintiff to her said destination it was necessary for the defendant to run said car over the said bridge across Fox river in the city of St. Charles; that it was the duty of defendant to carry plaintiff safely and carefully on said car, and to have its tracks safely and securely supported on said bridge, and to see that the carrying and tensile strength of said bridge was sufficient to sustain said car and occupants over and across said bridge; yet the defendant, regardless of its duty, did not use due and proper care and diligence in having its tracks across said bridge safely and securely supported, and did not use due care to see that the carrying and tensile strength of said bridge was sufficient for sustaining said car and its occupants across said bridge, but, on the contrary, did use said bridge for the passage of said car while said bridge was wholly inadequate to sustain said car, which condition of said bridge was and should have been well known to defendant and was unknown to plaintiff; that by reason of the premises aforesaid, while said car so occupied by plaintiff was being driven across said bridge by defendant, said car, together with a portion of said bridge, suddenly fell downward, to wit: fifteen feet, whereby plaintiff, while in the exercise of due care, was permanently injured, etc. Another count alleges it was the duty of defendant to see that said car and its occupants should not exceed in weight the bearing capacity of said bridge for the purpose of the safe passage of the car across the same, but that the defendant did not use due care in that regard and used said bridge for the passage of said car while the car in weight exceeded the bearing capacity of said bridge, etc. A third count alleges it was the duty of defendant to see that said bridge over which said car was to be run was built in a strong and substantial manner and in good repair to safely carry the car and its occupants across, but

538 APPELLATE COURTS OF ILLINOIS.

Vol. 132.] Elgin, Aurora & Southern Trac. Co. v. Hench.

that defendant failed in that regard and did use said bridge while it was weak, out of repair, dilapidated and unsafe, which was and should have been known to defendant and was unknown to plaintiff, etc.

It appears from the evidence that the bridge, a span of which went down while the car was crossing, was on Main street, in the city of St. Charles. The defendant offered in evidence the ordinance under which it was operating its road in the city of St. Charles, entitled "An ordinance authorizing the Carpentersville, Elgin & Aurora Railway Company to construct, operate and maintain a railway in the city of St. Charles, and to operate the same by electricity." From the allegation in the declaration that defendant is a corporation operating an electric railway for the convenience of passengers for reward, we assume the defendant is a street railway corporation. The question involved is, what is the duty of such a corporation to its passengers in using this bridge? If the duty is the same as it would be were the bridge the property of the defendant company on a private right of way, then the ordinance could have no effect on the rights of the parties, as it would be immaterial to the issue to be decided by the jury. There is a dearth of authority on the question. The only cases that we have been cited to as authority on the proposition are, Wagner v. Lehigh Traction Co., 212 Pa. 132, and Birmingham v. Rochester City & B. R. Co., 137 N. Y. 13.

We do not regard either of these citations in point, neither do they by the reasoning contained in them satisfy us that the ordinance in any way tended to prove any defense to the allegations of the declaration. The Pennsylvania case was not one where the controversy was between a carrier and one of its passengers, but it was concerning a collision on a bridge between a street car and another party driving over the bridge. The New York case was a suit by a passenger against a street railway company that crossed a state canal on a state bridge. The bridge was en-

tirely under the control of state officers. The carrier had no right to build a bridge over the canal, and could only cross the canal on the state bridge. In deciding the case the court said: "It may be assumed the defendant is a corporation organized under the General Railroad Act for the purpose of building a street railway through certain streets in the city of Rochester. Under that act it acquired no right to cross the canal on any bridge it might build. *It acquired no right to build any bridge,* and although it might possibly have the power of eminent domain to acquire land for some purposes, *it could acquire none in order to build a bridge over the canal.* Further legislation for that purpose would have been necessary. And its organization under the General Railroad Act for the purpose of a street railroad required it to keep to the public streets or highways and gave it *no right to lay its tracks elsewhere.* In the treatment of the question of supplying bridges over canals, the legislature at an early day provided that bridges should be built by the town in which they should be situated, and that they should be maintained at the expense of such town, but that no bridge should be constructed across any canal without permission in writing of one of the canal commissioners, under the penalties provided in the act." The decision further shows that the legislature had prohibited the building of any bridge over the canal, except upon such streets or roads as were laid out, and by special enactment had provided for the construction of that particular bridge.

It was also said in the New York case: "To negligently drive along the street so as to fall or precipitate the stage or car into an open hole in the street, could render the person or company guilty of such negligence liable for the injury to the passenger. To drive upon a bridge which was manifestly unsafe or not strong enough to bear the proposed weight, might be negligence which the company would be responsible for, if injury happened therefrom to the passengers."

540    APPELLATE COURTS OF ILLINOIS.

VOL. 132.]    Elgin, Aurora & Southern Trac. Co. v. Hench.

This statement recognizes the law to be, that a street car company might be negligent in carrying its passengers over a defective or insufficient bridge, and that for injuries to its passengers resulting from such negligence, the carrier would be responsible.

In the case at bar the defendant, at the time it obtained its license to use the streets of St. Charles, in 1895, could have condemned a right-of-way across the river over private property under the Eminent Domain statute in connection with the Horse and Dummy Railroad Act then in force, or, if its railroad was constructed after the repeal of that act, then under the Street Railroad Act enacted in 1899, and could have built its own bridge around a dangerous bridge in order "to conserve the safety, comfort and convenience of the public," if such a necessity existed. Aurora & Geneva Railway Co. v. Harvey, 178 Ill. 477; Met. City Ry. Co. v. Chicago W. D. Ry. Co., 87 Ill. 317. Appellant before constructing its railway should have provided for the safety of its passengers either by its own bridge over the river, or by making some provision or arrangement under which it could make the city bridge safe and strong enough for the burden it was about to place on it, and could keep it in repair and safe condition for its use as a carrier of passengers if the city did not keep it safe for such use.

We see no reason why a street car company, in selecting the streets it desires to run on, and in laying down its tracks, should not be held to the same degree of care for the safety of its passengers that a common carrier is held to, when it builds its tracks on its own right of way. Appellant in building its street railway did not do it under any compulsion, but voluntarily, for its own personal gain and profit. In selecting its route it must use care to select a safe one, and it should be held to the same rule of care, in adopting the bridges or appliances of others, that it would be held to if it built them. We think the duty of appellant as a carrier to its passengers cannot be modified or controlled

by the duty of the city of St. Charles to its citizens or to the defendant company. "The appellant owed a much higher duty than that of ordinary care to appellee. The carrier shall do all that human care, vigilance and foresight can reasonably do consistent with the mode of conveyance and the practical operation of the road." "Not ordinary but extraordinary diligence is required as to passengers, and the company is responsible for the utmost care and watchfulness, and answerable for the smallest negligence." West Chicago St. R. R. Co. v. Tuerk, 193 Ill. 385; Parmelee Co. v. Wheelock, 224 Ill. 194. A carrier of passengers is held to the same rule of care in the construction of its road, both as to the manner of construction and the materials used, that it is held to in its operation. C. & A. R. R. Co. v. Pillsbury, 133 Ill. 9; I. C. R. R. Co. v. Beebe, 174 Ill. 13. The duty of appellant to appellee was that of a common carrier to its passengers, and appellee had a right to rely upon appellant doing everything that human care, vigilance and sagacity could reasonably do, consistently with the practical operation of its road, to carry her safely to her destination. While in law it was the duty of the city to use ordinary diligence to keep the bridge safe for ordinary traffic, the failure of the city to do its duty would not be any defense for the negligence of the defendant. The proof tends to show that the bridge was built for ordinary street traffic many years before the street was used by a street car line; that small cars were first used, and since the date of the ordinance, May 17, 1895, the size and weight of appellant's cars have been very much increased; that its cars now used are forty-five feet long, twenty-seven feet from center to center of their trucks, and when empty weigh from twenty to thirty tons. If this were a controversy between the city and appellant company concerning the bridge it may be questioned whether the city would in law be required to keep the bridge in suitable and safe condition to carry the extraordinary and unusual burden

542 APPELLATE COURTS OF ILLINOIS.

VOL. 132.] Elgin, Aurora & Southern Trac. Co. v. Hench.

appellant was placing on it as a common carrier, unless it had the power to contract for and did contract to keep it safe for the purposes of appellant. Moore v. Township of Hazelton, 118 Mich. 425; Berks Co. v. Reading City Ry. Co., 167 Pa. St. 102.

No ordinance the city could pass would relieve appellant from its duty to safely carry its passengers. In Springer v. Ford, 189 Ill. 430, Springer, the carrier of passengers in an elevator, contracted with the Kinsella Glass Company, a tenant of the sixth story of the building owned by Springer, that he should not be liable for any damages occasioned by a failure to keep the elevator in repair. Ford, an employe of the Kinsella Glass Company, was injured while a passenger on the elevator. It was held that the provision of the lease did not bind Ford, as he was not a party thereto. The court said: "A carrier of passengers cannot limit his liability to a passenger except by express contract with the passenger." We are of opinion that negligence of the city would not be a defense or relieve appellant from its duty as a carrier of passengers, and that a street car company in constructing its tracks over a bridge on a public highway and placing on the bridge a new, unusual and extraordinary burden, must see that the bridge is safe for such use. The objection to the admission of the ordinance was properly sustained, for the reason it was immaterial. It was also properly sustained because the appellant did not offer in evidence the necessary preliminary proof that the pamphlet containing the ordinance purported to be published by authority of the city council.

There was no error in admitting evidence of the condition of the bridge. Mr. Hedges, a civil engineer, who examined it sometime before the accident, testified about the condition of the bridge, and that he made a report concerning it to the Chicago Bridge and Iron Works. Mr. Hunt, the mayor of St. Charles, testified he got a copy of that report and sent it to Mr. Zimmerman, the manager of the appellant. No proof was

made as to the contents of the report or how the report was sent to the manager of the company. The testimony that he sent a copy to Mr. Zimmerman was a mere conclusion. The evidence should have shown the facts which constituted the sending; if by mail the address, stamping and mailing; if by messenger then his acts should be proven, or it should be shown that the defendant received it. If it had been received by appellant, then the report itself would have been competent. There was also admitted in evidence the record of several meetings of the city council of the city of St. Charles containing resolutions concerning the dangerous condition of the bridge, and recitals of negotiations between the appellant and the city council concerning this bridge and the building of a new bridge. That record also contains recitals that Mr. Zimmerman, the manager of appellant, and its attorney and its engineer, were each present and made statements in the progress of the negotiations. Error is assigned on the admission of this evidence. The records kept by the city clerk of the negotiations between the traction company and the city concerning the building of a new bridge were not competent evidence to prove the condition of the bridge, because they were *res inter alios acta.* The statute requires a city council to "keep a journal of its own proceedings." Resolutions concerning the safety of a bridge are manifestly merely expressions of opinion and not legislation. That the resolutions were the opinion of a legislative body could not make such option competent evidence to prove the actual condition of the bridge in a suit between third parties. The recitals of the city clerk that Mr. Zimmerman, the manager of appellant, and its attorney and its engineer, were present, were not any part of the proceedings of the council and could not be evidence against appellant. Although these recitals were in a public record they were not thereby admissible in evidence in a suit between other parties, but the presence of such officers and any ma-

544    APPELLATE COURTS OF ILLINOIS.

VOL. 132.]    Elgin, Aurora & Southern Trac. Co. v. Hench.

terial discussion in their presence should be proven the same as any other fact. Entries are not admissible, if of a mere private nature, although contained in a public record. 2 Jones on Evidence, 526. It was proper to show what the condition of the bridge was, and its tensile and carrying strength, and that its safety was questioned, and that notice of the condition of the bridge was brought to the attention of the traction company, for the purpose of putting the company upon inquiry whether it was risking the safety of its passengers in running cars over the bridge, if the question of notice was material. "A carrier of passengers must omit no care that is reasonable and practical to discover and prevent danger and injury to a passenger." The passenger must rely solely on the carrier and can do nothing to insure his personal safety. C. & A. R. R. Co. v. Pillsbury, 123 Ill. 9. If the bridge was unsafe, and the appellant persisted in running cars over it with notice of its dangerous condition, it cannot be relieved of its negligence because the duty of replacing the bridge with a stronger one might primarily be on the city of St. Charles. The report of the engineer and the resolutions of the city council, if it is first shown appellant knew of them, and the negotiations themselves between the city and appellant were competent evidence, but should not be accepted as any proof of the truth of the statements in them (except such statements, if any, as were made by appellant), or as any evidence of the condition of the bridge, but only as notice or warning to the traction company to put it upon inquiry that it might investigate the truth of the report, and this evidence could have been restricted to this purpose only, if the appellant had requested it by an instruction. There was no error in the admission of evidence of the condition of the bridge and notice of its condition to appellant. In addition to the notice to the traction company that there was some question about the safety of the bridge, the traction company had examined it to some extent, as there

was proof that it had made some repairs by placing supports under it.

The court admitted in evidence a resolution of the city council of St. Charles, "That the Elgin, Aurora & Southern Traction Company be notified to run their trains at a speed of two miles an hour across the bridge." There was no charge of negligence based on the speed of the car, nor any ordinance or resolution of the city in that regard pleaded. The evident purpose of this evidence was to show that the city council considered a greater speed dangerous, and that in running at a greater rate the appellant was negligent. The fact would be inferred that the bridge was unsafe from a conclusion of the city council. The admission of this evidence was prejudicial error.

It was claimed by defendant on the trial that the injuries for which plaintiff was suing were not real but only simulated. Dr. Tracy was asked a long hypothetical question as to the cause of plaintiff's condition and answered: "I would say it was due to the accident." The question was objected to and a motion made to strike out the answer "on the ground that it is not based on a statement of the evidence of the case." It is argued in this court that the objection should have been sustained and the answer excluded because it invades the province of the jury. If the reason now urged against the question and answer had been urged in the trial court the objection no doubt would have been sustained, for the reason that expert evidence should be theoretical and the jury should make the application to the case on trial. I. C. R. R. Co. v. Smith, 208 Ill. 608; City of Chicago v. Powers, 117 Ill. App. 453. A specific objection operates as a waiver of all other objections. Wickenkamp v. Wickenkamp, 77 Ill. 92. The Circuit Court ruled properly on the objection that was made before it and a different reason may not be urged in a court of appeal.

Under the rule laid down in Wabash Western R. R.

546    APPELLATE COURTS OF ILLINOIS.

VOL. 132.]    Elgin, Aurora & Southern Trac. Co. v. Hench.

Co. v. Friedman, 146 Ill. 583, it is insisted there is a variance between the allegations of the declaration and the proof regarding the destination of plaintiff, but as the cause must be remanded all question in that regard will doubtless be corrected on a re-trial.

The fourth instruction given for appellee charged the jury that, "It is the duty of common carrier's to do all that human care, vigilance and foresight can reasonably do under the circumstances, and in view of the character of the mode of conveyance adopted, reasonably to guard against accidents," etc. The instruction should have been modified by inserting the clause "consistent with the practical operation of the road." The omission of this limitation was held to be reversible error in Tri City Ry. Co. v. Gould, 217 Ill. 317.

The fifth instruction given for the plaintiff placed upon the defendant the burden of proving by a preponderance of the evidence that it was not negligent. The rule is that when a passenger, while in the exercise of ordinary care, is injured and the cause of the injury is within the control of the carrier, a presumption of negligence arises against the carrier, and a *prima facie* case is made out entitling the passenger to recover until the *prima facie* case is rebutted. The use of the term that the burden of proof is in such case on the defendant does not mean that the defendant must prove its defense by a preponderance of the evidence, but that the defendant is under the necessity of producing evidence to rebut the presumption of negligence. "Generally speaking, the burden of proof in the sense of the duty of producing evidence passes from party to party as the case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests upon the party asserting the affirmative of the issue, and unless he meets this obligation upon the whole case he fails. This burden of proof never shifts during the course of the trial, but remains with him to the end. Here the burden of proof was on the ap-

pellee to show that the defendants were guilty of negligence, and not upon appellants to show that they were not guilty of negligence, and this burden of proof did not shift during the trial but remained with the appellee to the end. The burden of proof meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the plaintiff." Chicago Union Traction Co. v. Mee, 218 Ill. 9; North Chicago St. Ry. Co. v. Louis, 138 Ill. 9; Field v. French, 80 Ill. App. 78; 5 Am. & Eng. Ency. of Law, 22, 2nd ed. The instruction was erroneous in requiring that the appellee prove "by a preponderance of the evidence that it had used the greatest care and caution." The burden of proving appellee's cause of action by a preponderance of the evidence remained on her, and if the defendant's evidence balanced that of plaintiff it was sufficient to defeat a recovery.

The instructions asked by defendant and refused, were properly refused for the reason that the question being tried was not whether the city of St. Charles was guilty of negligence, but whether the defendant was guilty of the negligence charged. For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice WILLIS, having presided at the trial of this case in the lower court, took no part in its decision here.