Alta K. Williams, Appellee, v. Peoria Railway Company, Appellant.

Gen. No. 5,107.

Passenger and carrier—*when instruction as to liability of latter erroneous.* An instruction which requires the carrier of passengers to exercise the greatest degree of care and diligence reasonable and practicable for the safety of its passengers is erroneous if it omits the qualification that the degree of care required is all that human care, vigilance and foresight can reasonably do in view of the character and mode of conveyance adopted and consistently with the practical operation thereof.

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the Hon. T. N. Green, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed March 24, 1909.

Pinkney & McRoberts, for appellant.

Edward D. McCabe and Ellwood & Meek, for appellee.

Mr. Presiding Justice Thompson delivered the opinion of the court.

This is an action on the case brought in the Circuit Court of Peoria county by appellee against appellant to recover damages alleged to have been suffered, because of the negligence of appellant, by appellee while in the act of alighting from one of appellant's cars on which she was a passenger. The averment of negligence in the declaration is that the car was suddenly and quickly moved and jerked with great force. On the trial there was a verdict returned: "We the jury find the defendant guilty and assess plaintiff's damages at twenty-five and no/100 dollars ($2500.00)," signed by the foreman. The presiding judge read the verdict in open court to the jury. "We the jury find the defendant guilty and assess plaintiff's damages at $2500" and said to the jury, "Gentlemen, is this your

verdict?'' To which query the members of the jury assented. Judgment was rendered on the verdict for $2500 from which judgment the railway company appeals.

Counsel have assigned for error and argued that the judgment could only be for $25 and that there was error in giving the second instruction given at the request of appellee. The second instruction is as follows: ''You are further instructed that if you believe from the greater weight of the evidence in this cause that the defendant company at the time of the alleged injury was a common carrier of passengers then the law required it to exercise the highest degree of care and diligence reasonable and practicable for the safety of its passengers.'' This instruction requires a carrier of passengers to exercise the greatest degree of care and diligence reasonable and practicable for the safety of its passengers. No other instruction informed the jury what the measure of appellant's duty was. The instruction as given omits the qualification that the degree of care required is all that human care, vigilance and foresight can reasonably do in view of the character and mode of conveyance adopted and consistently with the practical operation of its railway. The rule is that an instruction defining the duty imposed by law upon common carriers of passengers which by its terms fails to limit the care required in view of the character and mode of conveyance adopted and the practical operation of the carrier's road, is reversible error. Chicago City Ry. Co. v. Shreve, 226 Ill. 530; Chicago City Ry. Co. v. Pural, 224 Ill. 325; Tri-City Ry. Co. v. Gould, 217 Ill. 317; N. Chicago St. Ry. Co. v. Polkey, 203 Ill. 225; Ratner v. Chicago City Ry. Co., 233 Ill. 174; Elgin, Aurora & Southern Tr. Co. v. Hench, 132 Ill. App. 535.

In view of the erroneous instruction given at the request of appellee this case is reversed and remanded. It is unnecessary to review the other questions argued.

*Reversed and remanded.*