# Rose Reeves, Appellee, v. Peoria Railway Company, Appellant.

## Gen. No. 5502.

1. EVIDENCE—*leading question defined.* A leading question is one which puts into the mouth of the witness the words to be echoed back or plainly suggests the answer which the interrogating party desires or expects.

2. EVIDENCE—*effect of proper question succeeding leading question.* The fact that a leading question has been improperly put does not preclude the right to have an answer to a proper question.

3. EVIDENCE—*when leading questions proper.* When a litigant has testified to certain facts the adverse party or a witness, after giving his version of the transaction, may be asked leading questions to contradict the former witness.

4. EVIDENCE—*when leading questions will not reverse.* The permitting of leading questions is a matter much within the discretion of the trial court and a judgment will not be reversed for a ruling in regard thereto unless it is manifest there has been a palpable abuse of discretion and also a substantial injury done.

5. INSTRUCTIONS—*when defining care required of carrier erroneous.* An instruction upon this subject is erroneous which omits the words "in view of the character and mode of conveyance adopted."

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the HON. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1911. Reversed and remanded. Opinion filed October 13, 1911.

PINKNEY & McROBERTS, for appellant.

DAILEY & MILLER, for appellee.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

Appellee was injured while alighting from one of appellant's street cars and brought suit for damages,

claiming that she was injured by the negligence of appellant's employes in suddenly starting the car, thereby throwing her to the pavement. A trial was had which resulted in a verdict for appellee for $600 on which the trial court entered judgment from which this appeal is prosecuted.

The evidence shows that appellee was a passenger on an open summer car, with a running board on the side, and was accompanied by her three year old child and a lady friend; that appellee gave a signal to stop at a certain street crossing; and she testified that when the car came to a full stop she stepped down on the running board and while reaching for her child the car gave a sudden jerk, throwing her to the pavement and injuring her. The defense was that appellee stepped on the running board and fell off before the car had stopped or reached the place to stop. One of the employes of appellant testified to that effect. The witness was then asked, "How many stops and starts did your car make there on that trip that day? Did it make more than one stop and start there?" This was objected to as leading and the objection was sustained. The next question was, "How many stops and starts did your car make there at that intersection on that trip?" This was objected to "Because the question follows a leading question," and the objection was sustained. The next question was: "State whether or not the car after it stopped there that day, while this woman was alighting from the car, suddenly started up and threw her to the ground?" Answer "No." Counsel then objected to the question as leading and moved to exclude the answer. The court sustained the objection and excluded the answer. The appellant contends that these rulings were erroneous.

A leading question is one which puts into the mouth of the witness the words to be echoed back or plainly suggests the answer which the interrogating party desires or expects. Neither of the first two questions

suggested what the answer might be. When an objection has been sustained to a question because of its leading character that is no reason for refusing to permit a witness to answer a proper question. Hence the reason stated for the objection to the second question was not a sufficient one. The last question could be answered categorically, but when a litigant has testified to certain facts the adverse party or a witness, after giving his version of the transaction, may be asked leading questions to contradict the former witness. 8 Ency. of Ev. 155. The permitting of leading questions is a matter much within the discretion of the trial court and a judgment will not be reversed for a ruling in regard thereto, unless it is manifest there has been a palpable abuse of discretion and also a substantial injury done. Funk v. Babbitt, 156 Ill. 408. We are of the opinion that the objections made to the questions should have been overruled. The latter part of the last question was objectionable for the reason that it called for a·conclusion but it was not objected to on that ground.

The first instruction given for appellee attempted to define the degree of care required of a carrier towards its passengers. The instruction is erroneous because it omits the words "in view of the character and mode of conveyance adopted," or other like words. Tri City Ry. Co. v. Gould, 217 Ill. 317; Ratner v. Chicago City Ry. Co., 233 Ill. 169; Williams v. Peoria Railway Co., 148 Ill. App. 583.

Appellant contends that the second instruction given for appellee is erroneous. This instruction has been frequently approved and while it might be worded more carefully we see no error in it, but refer to it that it may on another trial be freed from the criticism urged against it.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*