James G. Mastin, Appellant, v. National Tea Company
and Joseph Wych, Appellees.

Gen. No. 37,531.

Opinion filed December 19, 1934.

CHARLES C. SPENCER, of Chicago, for appellant.

KELLY, PRATT & ZEISS, of Chicago, for appellees;
WILL A. KELLY, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion
of the court.

The petitioner, plaintiff below, filed a petition in
this court for leave to appeal from the order entered

by the trial court granting a new trial to the defendants, which was allowed.

In support of this appeal it appears from the record that the plaintiff was injured July 14, 1930, on Lake street at the intersection of Albany avenue, in Chicago, by an automobile owned by the defendant National Tea Company, and driven by Joseph Wych, also a defendant. Plaintiff instituted suit and after trial, the jury returned a verdict finding the defendants guilty and assessing plaintiff's damages at $7,500. On March 23, 1934, the trial court entered an order setting aside the verdict and granting the defendants a new trial, which was granted principally upon the ground of the failure of the witness Dr. N. R. Snell, who testified for the plaintiff, to return and give further testimony and to produce certain X-ray pictures.

The facts in the record are substantially that at the time of the accident the plaintiff was a physician and surgeon engaged in the active practice of this profession in the City of Chicago. On July 14, 1930, at about 11 o'clock in the forenoon, plaintiff was walking west on the south side of Lake street, across the intersection of Albany avenue at that point. On the southwest corner of the two streets is a used automobile market and there were at the time of the accident automobiles standing parked both along the south side of Lake street and on the west side of Albany avenue, close to the corner. The plaintiff looked for traffic in both directions before going across Albany avenue, and could see none coming. When he was almost across Albany avenue and within a few feet of the west side of the street, defendants' automobile came from the west on Lake street, turned the corner south into Albany avenue at a rapid rate of speed, and without warning of its approach and while the plaintiff was endeavoring to get away from the automobile, struck him when he was within a few feet of Albany avenue, knocking him down and injuring him.

There was also evidence by the witness Edward Fay, who lived at Port Washington, Wisconsin, corroborating the statements made by the plaintiff.

Defendant Wych was the only eyewitness to the accident who testified on behalf of the defendants. He testified that he did not drive east on Lake street and turn the corner into Albany avenue, but that he came south on Albany avenue, across the street car tracks on Lake street, and that the plaintiff walked into the side of his slowly moving automobile.

As we have already stated, the trial court entered an order granting the defendants' motion for a new trial, from which order the plaintiff is petitioning for leave to appeal, as provided for by sec. 77 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 205, Rule 20 of this court, and Rule 30 of the Supreme Court.

It appears from the record that upon the trial of the case Dr. N. R. Snell was a witness for the plaintiff, and testified he had known the plaintiff for many years, and had attended and treated him for the injuries in question; that he called on him first on July 21, 1930. Dr. Snell described the injuries, his treatment thereof, and the progress of the plaintiff after his treatment. He also testified that on February 19, 1934, he took X-ray pictures of the plaintiff's knees. These pictures were received in evidence without objection. It also appears from Dr. Snell's evidence that about a week or two after the injuries to plaintiff he took X-ray pictures, but that from these X-rays it did not appear there were any bony changes in the joint at that time. He also testified that these X-rays were taken on July 21, 1930. On cross-examination by W. A. Kelly, counsel for the defendants, it appears that the doctor testified that he believed the first X-rays were still at his office, and that upon request he would try to find them; that his practice had been to keep the X-rays taken by him for about a year or a year and a half. After

the redirect examination of this witness was concluded, Mr. Kelly stated as follows:

"Mr. Kelly: I think, if your Honor please, I would like to have the doctor bring in those X-rays that were first taken in this case.

"Mr. Spencer (counsel for plaintiff): If you can find them, will you bring them in?

"The Witness: I will.

"Mr. Spencer: When were they taken?

"The Witness: They were taken two or three weeks after.

"Mr. Spencer: That is all."

The doctor then left the court room and did not return.

The principal question before the court is: Did the trial court in granting a new trial upon the ground that the witness, Dr. N. R. Snell, did not return to the court for further examination, err in setting aside the verdict? The witness, as we view the record, was to make a search for certain X-ray pictures taken by him shortly after the injury to the plaintiff. The doctor testified for the plaintiff, and was examined and cross-examined, and at the close of the examination by the lawyers for each of the parties, the doctor was permitted to go. He stated in court, however, that upon request he would make a search for the X-ray pictures wanted by the defendants, and if he found them he would bring them to the court.

The trial proceeded and the defendants continued to offer evidence. The failure of the witness to return was not made the subject of an objection at any time during the trial, and no doubt if it had been properly called to the attention of the trial court, a motion for leave to withdraw a juror and the case continued, would have been considered. The defendants speculated as to the outcome of the cause, and having submitted the cause to the jury, are not now in a position to complain. If the witness Snell was subject to pun-

ishment for contempt of court in failing to return, such action should not have deprived the plaintiff of the benefit of the testimony of this witness. *City of Chicago v. Powers,* 117 Ill. App. 453. While the court has the discretion to refuse to permit such witness' testimony to stand, still its discretion is not an arbitrary one, and its abuse is subject to review. *Ewing v. Cox,* 158 Ill. App. 25. So by analogy, this rule would apply in the instant case to determine whether the court abused its discretion in the granting of a new trial. It is apparent that the trial court at the time the motion for a new trial was heard was of the opinion that the evidence sustained the plaintiff's declaration, but was also of the opinion that the failure of the doctor to appear may have had an influence as to the amount of the plaintiff's damages. This matter was not disposed of at the trial, but was made the subject on an objection by the defendants in support of their motion for a new trial. The trial court allowed a new trial, notwithstanding no objection was made by the defendants at the time of the trial, and as we regard the record in this particular case, the court erred in granting this motion.

We have considered the evidence and are of the opinion that the verdict is not contrary to the evidence and that the amount of damages sustained by the plaintiff is not excessive.

After reaching the conclusion that the court erred in granting a new trial, the question then arises: Can this court enter a judgment upon the verdict of the jury without remanding the cause to the court below, with directions to enter judgment on the verdict?

Upon an examination of par. 220, sec. 92, ch. 110, of the Civil Practice Act, Cahill's Ill. Rev. St. 1933, providing for the granting of powers to a reviewing court, under subsection (f) it is provided:

''Give any judgment and make any order which ought to have been given or made, and make such

other and further orders and grant such relief, including a remandment, a partial reversal, the order of a partial new trial, the entry of a *remittitur,* or the issuance of execution, as the case may require," which provision gives this court the power to enter the judgment that should have been entered by the trial court.

For the reasons stated, the order of the court granting a new trial is reversed and set aside and judgment entered on the verdict of the jury in favor of the plaintiff and against the defendants in the sum of $7,500.

*Order reversed and judgment here.*

WILSON and HALL, JJ., concur.