### THE UNION SHOW CASE COMPANY

*v.*

### ADAM BLINDAUER.

*Opinion filed October 24, 1898.*

1. VARIANCE—*objection of variance must be made at trial.* A variance between allegations and proofs, not specifically pointed out on objection to the trial court, will not be considered on appeal.

2. MASTER AND SERVANT—*servant must know not only of defect, but the danger thereof, to assume risk.* A servant's mere knowledge of the existence of a defect, without knowing it is dangerous, does not amount to an assumption of the risk thereby occasioned.

*Union Show Case Co.* v. *Blindauer*, 75 Ill. App. 358, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

BULKLEY, GRAY & MORE, for appellant.

BURTON & REICHMANN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee brought an action on the case against appellant, in the circuit court of Cook county, to recover damages for a personal injury alleged to have been caused through the negligence of the defendant. A plea of not guilty being filed, a trial was had by jury, resulting in a verdict of $2500 for plaintiff. Motions for new trial and in arrest of judgment were overruled and judgment rendered on the verdict. That judgment has been affirmed in the Appellate Court for the First District.

The declaration averred that the defendant used and occupied a certain building for manufacturing purposes, in connection with which it had an elevator for conveying materials and employees from one story to another; that the plaintiff was in the employ of the defendant,

and in the discharge of his duty it became necessary for him to use such elevator; that he was injured owing to a defect in an appliance by which it was stopped and prevented from descending, which defect rendered the elevator dangerous to passengers, and which defect was known to the defendant but of which the plaintiff was ignorant, the elevator, by reason of the defect, falling to the bottom of the shaft. A full statement of the facts is reported with the opinion of the Appellate Court. (See 75 Ill. App. 358.)

A great deal of space is occupied in the argument of counsel on either side in the discussion of the facts of the case, notwithstanding it is conceded that all controverted questions of fact must be treated as settled in favor of the plaintiff by the decision below.

The first question of law discussed is, that there is a variance between the evidence and the allegations of the declaration. That question was not raised upon the trial of the case in such a manner as to entitle the appellant to have it passed upon now. It has been uniformly held by this court that if a party seeks to take advantage of a variance between the evidence and the allegation he must do so at the trial by specifically pointing out wherein the variance exists, so that if deemed necessary the other party may amend his pleadings to avoid the variance. In *Lake Shore and Michigan Southern Railway Co.* v. *Ward*, 135 Ill. 511, at the close of the evidence, the defendant's counsel asked the court to instruct the jury to find a verdict for the defendant, upon the ground, among others, that the proof varied from the declaration, and we said (p. 517): "This was the only attempt to point out a variance, and it was clearly insufficient. It was incumbent upon the defendant to indicate and point out in what the variance consisted, so as to enable the court to pass upon the question intelligently, and also to enable the plaintiff to so amend her pleading as to make it conform to the evidence and thus avoid defeat upon a point in

no way involving the merits of her claim.   Under our statute the amendment might have been instantly made, subject only to such terms as the court might have seen fit to impose, and the cause might then have proceeded as though no variance had ever existed,"—citing *St. Clair County Benevolent Society* v. *Fietsam*, 97 Ill. 474.   We are unable to discover wherein there is any failure in this declaration to state a good cause of action, nor that the proof is in any material respect variant from the allegations.   But if it were otherwise, it is clear that the objection comes too late.

The refusal of the trial court to give the fifth, tenth, eleventh and twelfth instructions, and the modifying of the ninth, asked by the defendant, are assigned for error. The fifth instruction did not correctly state the law.   It states, in substance, that it was the duty of the plaintiff, as a matter of law, when he discovered that the brake was out of order, to stop using the elevator and report the same to his employer.   It wholly ignores his testimony to the effect that he had instructions from the president of the defendant company as to how he should use the elevator, and assumes that merely because he knew the appliance was out of repair he therefore knew that the elevator was thereby rendered unsafe.   "It is only when the servant works with defective machinery knowing it to be defective or dangerous that he assumes the risk incident to its use.   Not only the defects but the dangers must be known to him."  (*Consolidated Coal Co.* v. *Haenni*, 146 Ill. 614.)   The eleventh instruction, in so far as it announced the correct rule of law, was substantially given in the eighth asked by the defendant.   The tenth instruction was incorrect in that it assumed that because the elevator was defective, and known to be so by appellee, he could not recover, notwithstanding he was ignorant of the fact that the defects rendered it unsafe.   The twelfth instruction is open to the same objection, and also that it assumes because plaintiff knew or had notice of a defect

in the elevator, although also known to the appellant, that he took all the risk which might arise from appellant's negligence in not repairing the defect or in not warning him of dangers which were known to the defendant. What we have here said sufficiently disposes of the objection urged to the modification of the ninth instruction asked by the defendant.

The contention that the testimony of the witness Jallings, as an expert in the construction and operation of elevators, was improperly admitted, is, we think, without force. The only objection made to his evidence is that the case is not one calling for the opinions of expert witnesses. We think otherwise, and that the purpose for which he was called was proper.

There are no substantial errors of law in this record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*