EUGENE HARTRICH *et al.*

*v.*

GEORGE HAWES.

*Opinion filed April 24, 1903.*

1. MASTER AND SERVANT—*rule where servant is injured when obeying master's orders.* The master is liable where a servant is injured while obeying the master's orders to do work in a dangerous manner, unless the danger is so imminent that a man of ordinary prudence would not incur it.

2. SAME—*question whether danger was imminent is for the jury.* If a servant knows the condition of the appliance by which he is injured and which he has used before, it is a question for the jury whether the danger from the use of the appliance was so imminent and apparent that no man of ordinary prudence, having notice, would incur it.

3. TRIAL—*when instruction to find for defendants is properly refused.* An instruction to find for defendants in an action by a servant for injuries is properly refused where the evidence tends to prove

the appliance in use was defective, that defendants had notice of its defects, and that plaintiff, while he may have known of the defects, did not know their dangerous character. (*Lake Erie and Western Railroad Co.* v. *Wilson,* 189 Ill. 89, explained.)

4. SAME—*opening a case to admit further testimony is discretionary.* It is a matter of discretion with the court whether it will permit a party to introduce further testimony after he has closed his case, and the exercise of such discretion is not assignable as error.

5. INSTRUCTIONS—*instruction should not state that certain facts constitute negligence.* An instruction in a personal injury case is erroneous which tells the jury that a certain state of facts constitutes negligence as a matter of law, and a modification thereof is proper which leaves the determination of that question to the jury.

6. ARREST OF JUDGMENT—*when objection to declaration is not ground for motion in arrest.* It is only when the declaration is so defective that it will not sustain the judgment that an objection thereto may be availed of on motion in arrest in the trial court or on review in an appellate court.

7. SAME—*inferable facts deemed proven on motion in arrest.* On motion in arrest of judgment the court will presume that every material fact alleged in the declaration or fairly inferable from what is alleged was proven on the trial.

*Hartrich* v. *Hawes,* 103 Ill. App. 433, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jasper county; the Hon. WILLIAM M. FARMER, Judge, presiding.

The following statement of facts in this case is made by the Appellate Court in their opinion deciding the case:

"Appellants operated a large saw-mill, employing fifteen to twenty hands. Appellee had been in their employ for two or three years as a common laborer or 'roustabout,' as he terms it, doing whatever he was ordered to do. At the time of his injury appellants were not at the mill. There is a conflict in the evidence as to whether, in the absence of appellants, there was any foreman, or employe authorized to give orders. If there was any such, it appears to have been one Sam Frauli. Appellee testifies: 'Mr. Frauli was the foreman when they (the de-

fendants) wasn't here, he was the head sawyer.' Frank
Bagwell testifies: 'Guess Frauli was running the planer
that day, neither of the defendants was there; guess
Frauli was acting as foreman.' Charles Sanger testifies:
'Starks had authority to direct the hands. Frauli did for
some time; if there was nobody else there and somebody
had to, I suppose that he had authority.' It appears
that Starks was not there on the day of the accident.
Appellants denied that Frauli had authority to act as
foreman, but the evidence indicates that he had charge
of affairs when the accident occurred.

"Some of the machinery of the mill was below its
floor. A part of it was shafting and a belt thirty-six feet
long, on pulleys operating an elevator to clear away the
saw-dust as it accumulated. This belt was old, pieced,
spliced, raveled and unsafe, and had been so for a con-
siderable space of time. There is ample evidence from
the circumstances detailed, from which to infer that ap-
pellants knew, or ought to have known of its condition.
Appellee also knew that it was pieced and spliced, but
testifies that he did not know before the time of his in-
jury that it was so much raveled. It frequently slipped
off the pulleys. When this occurred, some one would give
notice by crying 'elevator,' when it would be replaced
sometimes by one, and sometimes by another employe.
Appellee had replaced it at different times. Upon the
day in question, the cry of 'elevator' was given, and ap-
pellee went down to see what was the matter. He found
the belt broken, and came back and reported to Frauli,
who with appellee went down to mend it. As we under-
stand from the evidence, the belt was off the pulleys and
resting on the shaft, and when appellee brought two ends
together and was holding them, while Frauli was com-
mencing to splice the ends, a raveling of the belt caught
on the shaft, and the belt was started in motion, drawing
both of appellee's hands around the shaft and so crush-
ing them and his forearms, that both arms had to be am-

putated a few inches below the elbow. The trial resulted in a verdict and judgment against appellants for $1250.00."

An appeal from the judgment so rendered was taken to the Appellate Court, where the judgment has been affirmed. The present appeal is prosecuted from such judgment of affirmance.

DAVIDSON & ISLEY, and SHAMHART & WILLIAMS, for appellants.

FITHIAN, KASSERMAN & FITHIAN, and JAMES W. GIBSON, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

At the close of all the evidence, the appellants requested the court to instruct the jury to find for defendants, and submitted a written instruction to that effect. This instruction was refused, and its refusal is assigned for error. Where there is evidence fairly tending to prove the plaintiff's cause of action, the jury should not be instructed to find for the defendant. (*Chicago and Alton Railroad Co.* v. *Murphy*, 198 Ill. 462; *Chicago and Alton Railroad Co.* v. *Corson*, 198 id. 98; *O'Fallon Coal Co.* v. *Laquet*, 198 id. 125; *Street's Stable Car Line* v. *Bonander*, 196 id. 15; *Consolidated Coal Co.* v. *Lundak*, 196 id. 594). The evidence in the case at bar fairly tends to prove, that the appliance in use at the time of the injury was defective, that the appellants had notice of its defective condition, and that the appellee, while he may have had knowledge of the existence of the defect, did not know of its dangerous character. The ground, upon which appellants claim that there was no evidence to sustain the verdict, is that, according to his own testimony, the appellee knew of the defective condition of the appliance. In making this contention, however, the appellants ignore the evidence, tending to show that appellee was ignorant of the dan-

202—22

gerous character of the defect which existed. Upon this subject the Appellate Court say: "In the case at bar, the question as to whether appellee, knowing that the belt was defective, knew the danger therefrom when it was not running, and in process of repair, was a question directly and peculiarly for the jury to answer. The defects in the belt made it liable to break. Appellee may have known this. But the breaking of the belt was the indirect, not the direct cause of his injury. When appellee was holding the belt for Frauli to splice, it was not running. The jury may have believed that a common laborer or 'roustabout' did not appreciate the danger of a motionless, dismounted, broken belt, resting upon a shaft, being caught on the shaft by a raveling of the belt, and made dangerous in this way. If the danger was apparent, it is fair to presume that Frauli, the head sawyer, and to some extent at least in charge during the absence of appellants, and who was with appellee, would have stopped the engine while they were repairing the belt, as he did stop it immediately after appellee was caught. It was for the jury, under all these conditions, to say whether appellee knew the risk incurred, and whether the danger was so apparent that no man of ordinary prudence would have incurred it." (*Graver Tank Works v. O'Donnell*, 191 Ill. 236). It follows that, there being evidence tending to establish the cause of action, it was not error to refuse the peremptory instruction asked by the appellants.

Appellants complain that the court erred in modifying certain instructions asked by the appellants, and giving them as so modified, instead of giving the instructions as they were originally framed by the appellants. The instructions, as originally drawn, were based upon the theory that appellee was not entitled to recovery, if he had knowledge of the defect in the instrument or appliance which caused the injury, without reference to the question whether or not he had knowledge of the appar-'

ently dangerous character of the defect. The rule is that, where the servant is injured while obeying the orders of his master to perform work in a dangerous manner, the master is liable, unless the danger is so imminent that a man of ordinary prudence would not incur it. (*Offutt* v. *World's Columbian Exposition*, 175 Ill. 472). The modification, made in the instructions, was to the effect, in substance, that, where a person, suing for personal injuries, knows the condition of the appliance by which he is injured, and which he has used prior to the time of his injury, it is a question of fact for the jury to determine, whether the danger from the use of the appliance was so imminent and apparent that no man of ordinary prudence, having knowledge of it, would incur it. (*Graver Tank Works* v. *O'Donnell, supra*). There was no error in the modification thus made of the instructions so asked by the appellants.

In *Consolidated Coal Co.* v. *Haenni*, 146 Ill. 614, we said (p. 625): "It is when the servant works with defective machinery, knowing it to be defective or dangerous, that he assumes the risks incident to its use. Not only the defects, but the dangers must be known to him."

In *Illinois Steel Co.* v. *Schymanowski*, 162 Ill. 447, we said (p. 459): "Undoubtedly the general rule is, that an employe, who continues in the service of his employer after notice of a defect augmenting the danger of the service, assumes the risk as increased by the defect. But this rule is subject to qualification. In the first place, there is a distinction between knowledge of defects and knowledge of the risks resulting from such defects. The servant is not chargeable with contributory negligence if he knows that defects exist, but does not know, or can not know by the exercise of ordinary prudence, that risks exist.—*Cook* v. *St. P., M. & M. Ry. Co.* 34 Minn. 45; *Consolidated Coal Co.* v. *Haenni*, 146 Ill. 614."

In *Union Show Case Co.* v. *Blindauer*, 175 Ill. 325, we again held that, when the servant works with defective

machinery, knowing it to be defective or dangerous, he does not assume the risks incident to its use, unless not only the defects, but also the dangers, are known to him.

In *Chicago and Eastern Illinois Railroad Co.* v. *Knapp*, 176 Ill. 127, we again said (p. 129): "To charge an employe with negligence in using a machine or appliance known by him to be defective, it must also be shown that he knew the defect rendered its use dangerous."

In *Swift & Co.* v. *O'Neill*, 187 Ill. 337, in discussing the question, whether a servant is barred of a right of recovery for injuries incurred by working in an unsafe place or using appliances known by him to be defective, on the ground of assumed risk, we said (p. 344): "Hence, although he may know of the defects, yet unless, under all the facts and circumstances of the case, it can be said he knew of the extent of the danger, he may still maintain his action. That is to say, an employe may know of defects in such place or appliance, and yet be justifiable in the belief that, by the exercise of proper care, no immediate danger from such defects will be incurred, and, therefore, his right of recovery not be defeated. 'The true rule, as nearly as it can be stated, is, that a servant can recover for an injury suffered from defects due to the master's fault, of which he had notice, if, under all the circumstances, a servant of ordinary prudence, acting with such prudence, would under similar conditions have continued the same work under the same risk; but not otherwise. All the circumstances must be taken into account, and not merely the isolated fact of risk.' (1 Shearman & Redfield on Negligence, sec. 211). 'Where the instrumentality, with which a servant is required to perform service, is so glaringly defective that a man of common prudence would not use it, the master cannot be held responsible for damages resulting from its use. But if a servant incurs the risk of machinery, which, though dangerous, is not so much so as to threaten immediate injury, or where it is reasonable to suppose it may be

safely used with great skill or care, mere knowledge of the defects on the servant's part will not defeat a re-covery. Negligence on the part of the servant, in such cases, does not necessarily arise from his knowledge of the defect, but is a question of fact to be determined from such knowledge and the other circumstances in evidence.' (5 Rapalje & Mack's Digest of Railway Law, sec. 352, *et seq.* p. 208. See *Huhn* v. *Missouri Pacific Railway Co.* 92 Mo. 440, and authorities there cited). It is also said in note 1 to section 211 of Shearman & Redfield, *supra:* 'It is generally a question for the jury whether the surrounding circumstances made it contributory negligence for the servant to continue using the appliances,' —citing authorities."

In *Armour* v. *Brazeau*, 191 Ill. 117, the same rule was recognized by the use of the following language (p. 127): "It is true, that in order to charge an employe with negligence he must know of the defect, and must know that it is such as will interfere with the use of the appliance so as to make it dangerous to use it."

Again, in *Slack* v. *Harris*, 200 Ill. 96, we said (p. 109): "While it may be true that an employe has notice of a defect, it does not necessarily follow that he has any knowledge of the risk, which may result from such defect. The servant is not chargeable with contributory negligence, if he knows that defects exist, but does not know, and cannot know by the exercise of ordinary prudence, that risks exist. (*Illinois Steel Co.* v. *Schymanowski,* 162 Ill. 447). In *Swift & Co.* v. *O'Neill,* 187 Ill. 337, we said, in regard to the right of a servant to recover for injuries incurred while working in an unsafe place: 'Although he may know of the defects, yet unless, under all the facts and circumstances of the case, it can be said he knew of the extent of the danger, he may still maintain his action.'—*Union Show Case Co.* v. *Blindauer,* 175 Ill. 325."

We have thus referred to a number of cases, holding the doctrine embodied in the modification made by the

court below in the instructions asked by the appellants, for the reason that counsel for the appellants strenuously insist that the doctrine, announced in the line of cases thus mentioned, is opposed to and in conflict with the doctrine, announced in certain other cases decided by this court. It is claimed that, in the latter class of cases, the doctrine of the knowledge of the dangerous condition of the defect, as against the mere knowledge of the defect itself, is ignored. The main case, relied upon by the appellants as being in conflict with the cases so as above quoted from, is the case of *Lake Erie and Western Railroad Co.* v. *Wilson*, 189 Ill. 89. A careful examination of the latter case will show that it is not in conflict with the other cases as to the rule announced, but only as to the reason which lies at the foundation of the rule. (*Swift & Co.* v. *O'Neill*, 187 Ill. 337).

Some other defects in the instructions given and refused are complained of by the appellants, but they are merely technical in character, and were corrected by other instructions given. If all the instructions, given for both sides, be taken together as one charge, they announced the law to the jury correctly, and could not have misled them in any way.

We will, however, notice one of the objections made by counsel for the appellants. The appellants asked the court to instruct the jury that, if they should believe from the evidence that the plaintiff "voluntarily and unnecessarily placed himself in a well known place of danger to life or body, but for which position he could not have received the injuries complained of, and that he was injured in consequence of such exposure, even through gross negligence of the defendants, if the action of the latter was not wanton or willful, that such conduct on the part of the plaintiff would be so negligent as to preclude a recovery herein." This instruction was erroneous, as telling the jury that a certain state of facts constituted negligence as matter of law, whereas the question

of what was negligence was a question of fact to be determined by the jury. The court modified the instruction by telling the jury that, if they should believe from the evidence that the plaintiff "voluntarily and negligently placed himself in a well known place of danger to life or body, but for which position he could not have received the injuries complained of, and that he was injured in consequence of such exposure, even though the defendants may have been negligent, if the action of the latter was not wanton or willful, that such conduct on the part of the plaintiff would preclude a recovery herein." The complaint made is, that the court, in the instruction as given, substituted the word, "negligently," for the word, "unnecessarily," as used in the instruction presented by the appellants. There was no error in the change thus made by the trial court. The instruction, as given, left it to the jury to determine whether the conduct of the appellee, as referred to in the instruction, was or was not such negligence as would preclude a recovery.

It is said by the appellants, that the trial court improperly permitted the appellee to introduce, upon the rebuttal, certain testimony, which should properly have been introduced in chief. It is sufficient to say, in answer to this objection, that, after a party has closed his evidence, it is a matter of discretion whether the court will permit him to give further testimony, and that the exercise of such discretion is not reviewable. (*City of Sandwich* v. *Dolan*, 141 Ill. 430, and cases there referred to; *First Nat. Bank* v. *Lake Erie and Western Railroad Co.* 174 id. 36). In the latter case, we said (p. 44): "Where testimony, which might properly have been introduced as proof in chief, is offered by the plaintiff in rebuttal, it is discretionary with the trial court whether such testimony shall be admitted or not, and the action of the court in this regard is not assignable as error."

Counsel for appellants complain that the trial court overruled their motion in arrest of the judgment. It is

only where a declaration is so defective, that it will not sustain the judgment, that such objection may be availed of on motion in arrest in the trial court, or on error in the Appellate Court. (*Chicago and Eastern Illinois Railroad Co.* v. *Hines*, 132 Ill. 161). Section 6 of the act in reference to amendments and jeofails provides, that judgments shall not be arrested for any mispleading or insufficient pleading. (Hurd's Stat. 1899, pp. 142, 143). The objections made to the declaration, as pointed out by counsel in their brief, relate merely to mispleading or insufficient pleading, and do not show the declaration to have been so defective that it could not sustain the judgment. While the defects pointed out might have been fatal, if the question of their character had been raised by demurrer, yet they were not such that they could be raised by motion in arrest of the judgment. "On motion in arrest of judgment the court will intend that every material fact, alleged in the declaration, or fairly and reasonably inferable from what is alleged, was proved at the trial; and if, from the issue, the fact omitted, and fairly inferable from the facts stated in the declaration, may fairly be presumed to have been proved, the judgment will not be arrested." (*Pennsylvania Co.* v. *Ellett*, 132 Ill. 654). Here, the issue joined upon the declaration and the plea of general issue, was such as necessarily required, upon the trial, proof of the facts defectively or imperfectly stated or omitted, and it is not to be presumed that the trial court would have directed the jury to give, or the jury would have given, the verdict without proof of such facts; and, therefore, the defect, imperfection or omission complained of was cured by the verdict.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*