## Esther Beeker, Appellee, v. Marshall Field & Compan,y Appellant.

## Gen. No. 16,498.

1. MASTER AND SERVANT—*what essential to · recover where unsafe place alleged to have been furnished.* *Held,* under allegations of the declaration in this case, that it was necessary for the plaintiff to prove, first, that a certain incline and grooves were defectively constructed and negligently maintained and that the maintenance of such defective condition was the proximate cause of the servant's injury; second, that the master had knowledge or in the exercise of ordinary care would have had knowledge of the defect; third, that the servant did not know and did not have equal opportunities with the master of knowing of the defect or if the servant did know of the defect that she did not know and was not chargeable with knowledge of the danger arising from the existence of the defect.

2. MASTER AND SERVANT—*what essential to application of doctrine of assumed risk.* The · doctrine of assumed risk will not defeat a recovery unless two conditions concur; the servant must not only have had knowledge or be chargeable with knowledge of the defect but the facts must also charge him with knowledge of the danger as well.

3. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

4. VERDICTS—*when excessive.* *Held,* in a personal injury action, that a verdict reduced by *remittitur* to $4500 was excessive where it appeared that the plaintiff had partially lost the use of her left arm and was earning at the time of the accident 5 or 6 dollars per week, it further appearing that the plaintiff did not assist as well as she might in the endeavor to cure her of the injuries complained of.

5. INSTRUCTIONS—*when does not erroneously ignore defense of assumed risk.* An instruction which correctly states as an abstract proposition of law the duty of the master to exercise reasonable care to furnish the servant with a reasonably safe place to work is not erroneous (if it does not conclude with a direction as to the verdict to be rendered) if it ignores the defense of assumed risk.

6. INSTRUCTIONS—*when cannot be complained of.* A party cannot complain of an instruction as erroneous where he has tendered and the court has given an instruction containing substantially the same language as that urged as vicious.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed upon remittitur. Opinion filed May 9, 1912. Rehearing denied May 23, 1912. *Certiorari* denied by Supreme Court (making opinion final.)

FRANK P. LEFFINGWELL, for appellants.

JOHNSON & BELASCO, for appellee; JOEL BAKER, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court. This is an appeal from a judgment for $4500 in favor of appellee for personal injuries sustained by her. In January, 1906, appellee, then seventeen years of age, was employed by appellant as a saleswoman in the basement of appellant's store at the corner of State and Washington streets, Chicago. The basement was divided into several rooms. The south room was separated from the middle room by a fire wall, approximately two feet in thickness, through which was cut an opening eight or ten feet in height and width. The floor of the south room was four feet higher than the floor of the middle room, and to connect these floors a wooden incline was constructed, eighteen or twenty

Beeker v. Marshall Field & Co., 170 Ill. App. 237.

feet in length, and as wide as the opening in the fire wall, forming a sloping passageway from one floor to the other. Set into the fire wall on either side of the opening were steel doors, so arranged that the opening could be closed by sliding the steel doors along metallic grooves which ran across the incline above mentioned. These metallic grooves were one and one-quarter inches deep, and at the top, which was flush with the adjoining surface of the incline or passageway, the width of the grooves was one and one-half inches.

On January 9, 1906, appellee was stationed at a booth located in the south room near the passageway thus described. She had been working at that place three days, and in other parts of the building several months. About closing time on the date mentioned, she was hurrying along the incline towards the middle room for the purpose of turning in her sales books, preparatory to leaving for the day. As she passed over one of the grooves the heel of her shoe caught in it and she tripped and fell forward, striking on her left arm and side, dislocating the radius at the elbow and tearing some of the ligaments in the arm. She brought suit for damages with the result above stated, and the defendant appealed.

It is urged that the evidence does not show that the defendant was guilty of negligence; that the condition of the incline and grooves was obvious and that appellee assumed the risk of danger therefrom, if any; that she was guilty of contributory negligence in hurrying down the incline; that the court erred in the giving and refusing of instructions, and that the damages awarded are excessive.

The first three of these contentions, taken together, raise the question whether there is in the record a preponderance of evidence supporting the verdict and judgment of the court below. The only negligence charged in the declaration is the alleged negligent maintenance of one of the grooves across the incline

or passageway, in such dimensions, size and proportions as to be highly dangerous to persons walking over the same, "by reason of the fact that one's heel was likely to catch in the opening between the sides of said groove, and one was likely to trip at the opening between the sides of said groove, which defendant knew, or by the exercise of due care should have known."

Under the allegations of the declaration it was necessary for appellee to prove first, that the incline and grooves were defectively constructed and negligently maintained and that the maintenance of such defective condition was the proximate cause of her injury; second, that appellant had knowledge, or in the exercise of ordinary care would have had knowledge, of the defect; third, that appellee did not know and did not have equal opportunities with appellant of knowing of the defect; or if she did know of the defect, that she did not know, and was not chargeable with knowledge, of the danger arising from the existence of the defect. Galloway v. C. R. I. & P. Ry. Co., 234 Ill. 474, 478; Montgomery Coal Co. v. Barringer, 218 Ill. 327; C. & E. I. R. R. Co. v. Heerey, 203 Ill. 492; Armour v. Brazeau, 191 Ill. 117; Christiansen v. Graver Tank Works, 223 Ill. 142.

In addition to the facts above related, it was further shown that the incline and grooves were built four years prior to the happening of the accident to appellee; that at the time they were constructed the width of the grooves was made less than the width of a former type of grooves, for the purpose of preventing such accidents as happened to appellee, but that, nevertheless, several such accidents did occur after they were constructed and prior to the accident to appellee, and that these facts were known to appellant and unknown to appellee.

In view of this evidence, and of the practically uncontradicted testimony of appellee as to the manner

in which she received her injuries, we cannot say that the verdict is manifestly contrary to the evidence as to the first two of the essential elements of proof above mentioned.

Whether the evidence preponderates in favor of appellee as to the third essential element of proof presents a more difficult question. That the defective condition of the grooves across the incline was obvious to anyone who was looking for it, is clearly shown by the evidence. That this condition, however, was not such as to charge the appellee with the knowledge that it was dangerous to pass over the same, seems to be a reasonable conclusion from all the evidence, and the jury evidently so considered the matter. There is a well recognized qualification to the usual rule regarding the assumption of risks by a servant, which declares that unless both the defect and the danger therefrom are of such a character and so open and obvious as to be aparent to anyone of ordinary intelligence, if it appears that the servant does not know, and is not chargeable with knowledge of the danger from an obvious defect, he does not assume the risk by continuing in his employment. In other words, the servant must not only have knowledge or be chargeable with knowledge of the defect, but the facts must charge him with knowledge of the danger as well. (Christiansen v. Graver Tank Works, *supra;* Hartrich v. Hawes, 202 Ill. 334.) In such cases the character and appearance of the defect and the experience or want of experience of the servant are proper to be considered. In this case appellee testified that although she had passed over the incline and grooves five or six times in three days she had never paid any particular attention to the grooves. Evidently the defective construction did not seem dangerous to her. Several witnesses for appellant described the manner of the construction of the grooves, and two of such witnesses, with full knowledge of the subject, one of

them the builder of the incline and grooves, testified that in their opinion, as experts, the grooves were as narrow as was safe and practicable under all the circumstances, that the same construction was in use in a number of similar buildings in Chicago, and that they considered such construction safe and "a good job." Moreover, appellant's counsel strenuously contended, both in the lower court and in this court, that the incline and grooves which caused the accident were not dangerous but were reasonably safe. From these facts, it would seem to follow that if the jury were justified in finding from the evidence that a defective condition existed (as we think they were justified), they would be also warranted in finding further that the danger arising from such a defect was not so apparent to a person of ordinary prudence and intelligence, having the same experience and knowledge that appellee had, as to bring such danger within the usual rule as to assumed risks, but was within the exception to the rule as above stated. It is evident that this was the view of the learned trial judge and of the jury as well; and after a very careful examination of the whole record we think this view is sustained by the preponderance of the evidence. Counsel for appellant have cited several cases in Illinois in which it was held that where the defect was open and obvious, the danger therefrom was also held to be so apparent as to charge the servant with knowledge of the danger as well as of the defect; but in each of such cases the conclusion so reached was a finding of fact from the evidence. Such questions of fact, under our system of jurisprudence, must be left to the decision of the jury, unless the court can see that the jury have acted unreasonably in the eye of the law. We cannot say upon the facts of this record, that the jury have acted unreasonably in returning a verdict in favor of appellee.

It is further urged that appellee was guilty of con-

tributory negligence, because of the fact that she was "hurrying" down the incline and across the grooves at the time she tripped and fell. She testified that she was walking fast, hurrying to turn in her sales books at the close of the day. One of defendant's witnesses said she was running. We do not think it can be said, as a matter of law, that appellee was guilty of contributory negligence because she hurried, even if she was running. That is purely a question of fact for the jury to decide.

Complaint is also made as to the giving and refusing of instructions. Instruction No. 2, given on behalf of the plaintiff, states as an abstract proposition of law, that "it is the duty of the master to exercise reasonable care to furnish the servant with a reasonably safe place to work." It is objected that this instruction is bad because it ignores the defenses of assumed risk and contributory negligence. The instruction does not, however, direct a verdict and is a correct general statement of a master's duty under the law. Moreover, appellant used substantially the same language in one of its instructions, which was given, and in which the qualification was added "that the law does not make the employer an insurer of the safety of the persons of his employees, nor require him to furnish for their use a perfectly safe place to work or to pass along in the discharge of their duties." Under these circumstances we think appellant has no just ground of complaint. Three instructions requested by appellant were refused for the reason that they did not contain the limitation that appellee did not assume the risk of dangers of which she was not aware and with knowledge of which she was not chargeable. We think they were properly refused for the reasons before stated.

It is also objected that the damages awarded are excessive. The jury returned a verdict for $6,500, from which appellee remitted $2,000 and judgment

was entered for $4,500. We are of the opinion that this objection is well taken. Doubtless, the very large verdict may have been due to the detailed description by the surgeons of the treatment to which appellee was subjected while they were endeavoring properly to adjust the dislocation at the elbow. It was shown that this was a very difficult matter, requiring distressing operations. While it appears that appellee has partially lost the use of her left arm, there is some evidence to the effect that appellee did not assist in her own cure as well as she might have done. At the time of the accident she was earning $5 or $6 a week. Under these circumstances, we think a judgment in excess of $2,500 would be clearly excessive. If the appellee within ten days will remit from said judgment all the excess over $2,500, the judgment will be affirmed; otherwise, the judgment will be reversed and remanded for a new trial.

*Affirmed upon remittitur.*

Remittitur filed and judgment affirmed.