## Belle Rowden et al., Appellees, v. Travelers Protective Association of America, Appellant.

1. EVIDENCE, § 410*—*when opinion evidence of physicians admissible.* In an action upon an accident insurance policy, *held* that surgeons who had operated on the deceased were properly allowed to give their opinion concerning the age of a hernia from which the deceased suffered, after detailing facts disclosed by the operation.

2. EVIDENCE, § 423*—*when attending physicians may testify as to cause of death of patient.* In an action on an insurance policy, *held* that physicians who had attended the deceased were, after they had detailed the facts and changes in his appearance just prior to his death, properly allowed to testify concerning the cause of his death.

3. APPEAL AND ERROR, § 1498*—*when exclusion of evidence harmless error.* Where a certain question was asked and answered, the sustaining of an objection to substantially the same question at another time, *held* not prejudicial error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Rowden v. Travelers Protective Ass'n of Am., 201 Ill. App. 295.

4. INSURANCE, § 408*—*what constitutes an accident within policy.* Where the insured in an action on an insurance policy was pulling on a limb of a tree which broke and threw him to the ground, causing hernia from which he died, *held* that the fall was an accident within the meaning of the policy.

5. INSURANCE, § 408*—*when insurer liable on accident policy for death resulting from hernia.* An accident policy insuring against death from bodily injuries resulting from external violent and accidental means, but excepting death from hernia, does not relieve the insured from liability where death results from hernia caused by external violent and accidental means.

6. INSURANCE, § 704*—*when instruction not prejudicially erroneous.* In an action on an accident insurance policy insuring against external and violent accidental means, an instruction defining "accidental means," *held* not prejudicial to the defendant.

7. INSTRUCTIONS, § 159*—*construction as a series.* An instruction in an action on an accident insurance policy, following closely the language of the defendant's constitution and by-laws and not directing a verdict, *held* not erroneous or misleading in view of other instructions, among which was one that told the jury that all instructions were to be considered as a series.

8. INSTRUCTIONS, § 96*—*when instruction on credibility of witness not erroneous.* An instruction telling the jury that they were not bound to take the testimony of any witness as absolutely true and that they should not do so if they believed from the evidence that such witness was mistaken in the matters testified to by him or her, or for any reason appearing in the evidence, his or her testimony was untrue or unreliable, *held* not erroneous.

9. APPEAL AND ERROR, § 1241*—*when party cannot complain of instruction.* A party cannot complain of the giving of an instruction similar to one given at his own request.

10. INSURANCE, § 667*—*when instruction on liability for accidental death erroneous.* In an action on an accident insurance policy for death alleged to have been caused from a fall sustained by the deceased, resulting from the breaking of a limb on which he was pulling, an instruction that if the insured did what he intended to do and nothing was accidental or unexpected to him except the result, a verdict must be for the defendant, *held* erroneous.

11. INSURANCE, § 686*—*when accident as proximate cause of death question for jury.* In an action on an accident insurance policy where death was due to embolism following an operation for hernia, alleged to have resulted from a fall, the question

whether the accident was the proximate cause of the death, *held* for the jury.

Appeal from the Circuit Court of Fulton county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed April 21, 1916. Rehearing denied June 30, 1916. *Certiorari* denied by Supreme Court (making opinion final).

O. J. BOYER and ROBERT J. FOLONIE, for appellant.

CHIPERFIELD & CHIPERFIELD, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in assumpsit begun by Belle Rowden and others, the widow and children of James C. Rowden, deceased, against the Travelers Protective Association of. America, to recover the amount of an accident insurance benefit certificate on the life of James C. Rowden, in which the plaintiffs are named as beneficiaries. The plaintiffs recovered a verdict and judgment for $5,000. The defendant appeals.

The declaration avers that appellant, an insurance corporation, in 1906, issued to James C. Rowden a certificate of membership and insurance, a copy of which is set forth, *in haec verba;* that the insured at the time of his death was in good standing; that on June 30, 1914, the insured in the prosecution of his work, while endeavoring to pull down a limb of a tree, by said limb suddenly breaking and throwing him violently to the ground, received a certain accidental injury which caused a separation of the tissues of the abdomen and into the opening thereby caused, the omentum was thrust and held, producing a condition that on July 24, 1914, required an operation to correct the conditions produced by the accidental injury, and as a result of the physical conditions caused by the accident and following said operation, said insured

died July 30, 1914, whereby $5,000 became payable under said policy as a death benefit to appellees.

Appellant filed ten pleas, on nine of which issues were joined. The second avers that the injury was not received through external, violent and accidental means. The third and fourth aver, in substance, that the injury and death were caused wholly or in part by bodily infirmity and disease. The fifth avers that the death of the insured resulted from surgical treatment and not from violent or accidental means independently of all other causes. The eighth plea, as amended, avers that in the contract sued upon, it is provided that defendant should not be liable for death caused wholly or in part by any bodily or mental infirmity or injury caused by hernia, and that the death of the insured was caused wholly or in part by the preexisting disease of hernia. The tenth avers that the contract provides that there shall not be any liability for injuries caused by unnecessary lifting, or voluntary overexertion, and that the injury to Rowden was caused by voluntary overexertion.

The insured was a man over six feet tall, weighing about 240 pounds, who lived in Canton. He was active, strong, robust and in good health prior and up to the time of the accident. His occupation was that of a contractor, and he owned a farm about three miles from Cuba, in Fulton county. He was injured about 10:30 in the forenoon while superintending and assisting two men in building a fence on his farm. A limb of a tree interfered with the line of vision in setting the posts. Rowden and one of the men were pulling on the limb to get it out of the line, when it broke and the insured fell backwards, striking with his back and shoulders, a stump or root that projected out of the ground. The fall was severe, knocking the breath out of him and injuring him so that he had to have assistance to get up and to walk to his buggy, which was a few rods from the place of the accident.

He walked to the buggy with his right arm over the shoulders of one of the men who assisted him and held his left hand over the inguinal region on the left side and suffered great pain while being driven to a farmhouse near by and then to Cuba. At Cuba, Dr. Ray was called to examine him and found his back very badly bruised and some ribs broken. That evening he went home by train and on arriving at his home Dr. Rogers was called to attend him. About the 9th of July, Dr. Standard, a surgeon, was called to examine him. He found a large inguinal hernia on the left side that was irreducible. The evidence of Dr. Rogers, a witness called by appellant, shows that the deceased had had a small nonprogressive hernia, about the size of a small hickory nut, for many years. William C. Rowden, a son of deceased, testified it was the size of a large hazel nut two months before the accident and that the day after the accident it was the size "of a hen's egg, as large as my four fingers." Dr. Standard advised an operation. The insured was taken to a hospital and operated on for the hernia on July 23rd. He appeared to be recovering rapidly until July 30th, when he suddenly died, by reason, as the evidence tends to show, of a pulmonary embolism resulting from the operation.

The surgeon who operated on the deceased testified that there was a large hernia on the left side which could not be replaced in the abdomen; that on opening up the hernia it was found to be an inguinal hernia, containing two sacs of peritoneum protruding through the left inguinal ring, which was enlarged in diameter an inch; that one of the sacs was an old one because it contained a large number of adhesions, the other sac contained a mass of omentum and fat and was of recent origin and had existed probably a month or two, the witness stated he could not state positively how long it had existed but there were no adhesions and it was of quite recent origin; the two sacs were in

300     APPELLATE COURTS OF ILLINOIS.

Rowden v. Travelers Protective Ass'n of Am., 201 Ill. App. 295.

no way connected except that they both connected with the peritoneal cavity; that the omentum has a vascular circulation, and the shutting off of the circulation in the omentum in the sac would ultimately cause septic peritonitis and death, and that an operation was the only way there was any hope of saving the patient's life.

Appellant contends that the court erred in overruling objections to the testimony of Dr. Standard and in refusing to exclude his evidence concerning how long the sac described as the new one had been formed, on the ground that it was a question of fact and not a matter for expert testimony.

There is no objection to the form of the question, the sole objection is that it is not a subject for expert proof. The rule is, that it is proper to permit proof of the nature and extent of a personal injury, its probable duration and the like by the testimony of the attending physician. *City of Chicago v. Didier,* 227 Ill. 571; *Fuhry v. Chicago City Ry. Co.,* 239 Ill. 548; *Village of Chatsworth v. Rowe,* 166 Ill. 114.

The operating surgeons were properly permitted to give their opinions concerning the age of the hernia, after having detailed the facts disclosed by the operation for the reason such matters are not within the knowledge of ordinary men.

It is also contended that it was not proper to permit the attending physicians to testify concerning what caused the death of the insured after they had detailed the facts and changes in his appearance just prior thereto: that he died of pulmonary embolism caused by a clot, coming from the site of the operation, getting into the circulation and plugging an artery in the lungs. There was no error in the rulings of the court.

It is also insisted that error was committed in sustaining an objection to a hypothetical question put to Dr. Rodgers, an expert witness for appellant, assuming that there was an existing hernia and certain facts

the evidence tended to prove, and then inquiring whether the existing hernia in the opinion of the witness would contribute to the formation of a new sac. While an objection was sustained to one question on page 271 of the record, the next question asked and answered was substantially the same, and questions very similar found on pages 261, 2, 3 and 9 of the record were answered by the witness. Since the question was asked and answered both before and after the ruling complained of, there was no prejudicial error in the ruling.

It is argued on behalf of appellant that even if the fall injured the insured and caused the hernia which necessitated the operation, as the result of which he died, that the judgment cannot be sustained. It is said "it is not sufficient that death was an accidental result of the external cause but the cause itself must have been accidental. Rowden did exactly what he intended to do and nothing was accidental except the result. This furnishes no right of recovery." In 4 Cooley's Brief on Ins. 3156, it is said: "An effect which does not ordinarily follow and cannot reasonably be anticipated from the use of such means, an effect which the actor did not intend to produce and which he cannot be charged with the design of producing, is produced by accidental means." *Healey v. Mutual Accident Ass'n,* 133 Ill. 556; *Travelers' Ins. Co. v. Ayers,* 217 Ill. 390; *Fidelity & Casualty Co. v. Morrison,* 129 Ill. App. 360. This is the rule if the assured is within the terms of the contract, even though he be negligent, if he be not guilty of misconduct or fraud. While the insured desired to remove the limb of the tree, it is not pretended that there was any intention on his part of falling and injuring himself. The fall and the injury were clearly accidental.

It is also contended that the injury from the fall is not the sole cause of the death of the insured independently of all other causes. The benefit certificate

is subject to the conditions printed thereon and which are made a part of the certificate. One of the rules thereon is that "no liability shall exist in case of injuries, fatal or otherwise * * * or death or disability when caused by the diseases of * * * hernia, * * * or by * * * death * * * resulting from surgical treatment (operation made necessary by the particular injury * * * and occurring within three calendar months from the date of the accident excepted)." It was a question of fact whether the original nonprogressive hernia contributed to the injury that caused the death of the insured. If the original hernia was the cause of the operation, which resulted in the death of the insured, then there would not be any liability, but if the hernia which necessitated the operation was the result solely of the fall, then the exception in the rules does not exempt appellant from liability. The rules of appellant except death from surgical operations occurring within three months of the accidental injury from the exemptions from liability. An accident policy insuring against death from bodily injuries resulting from external accidental means but excepting death from hernia does not relieve the insurer from liability where death results from hernia caused by external violent and accidental means. *Travelers' Ins. Co. v. Murray,* 16 Colo. 296; *Miner v. Travelers' Ins. Co.,* 3 Ohio Dec. 289; *Atlanta Accident Ass'n v. Alexander,* 104 Ga. 709.

It is insisted that the third instruction given at the request of appellees which defines " 'accidental means' as used in these instructions," as: "An event happening by chance; unexpectedly taking place; not according to the usual course of things and when happening through human agency, an event which under the circumstances is unusual and not expected to the person to whom it happens," gives a definition of "accident" under the guise of defining "accidental means," and is erroneous. "Accidental means" have been simi-

larly defined in *Standard Life & Accident Ins. Co. v. Schmaltz*, 66 Ark. 588, 74 Am. St. Rep. 112; *Southard v. Railway Passengers' Assur. Co.*, 34 Conn. 574; *Young v. Railway Mail Ass'n*, 126 Mo. App. 325; and vol. 1, Words and Phrases 62. The phrase was used by both parties in their instructions. While the meaning of the term might be given in different language, depending on the method of expression of the party defining it, the term is an expression in common use. Its definition was unnecessary and as given was not prejudicial to appellant.

The sixth instruction given for appellees is: "The jury are instructed that death resulting from an operation made necessary as the result of a bodily injury received through external, violent and accidental means, occurring within six calendar months from the date of the accident, is not excepted by the terms of the contract existing between the defendant and the insured, James C. Rowden." Appellant argues that this instruction is erroneous because it omits the element that the bodily injury in question must result "solely and exclusively" through external, violent and accidental means. The second section of article ten of the constitution and by-laws of appellant, which are a part of the policy, provides:

"That this association shall not be liable in case of disease, death or disability resulting from medical or surgical treatment, (operation made necessary by the particular injury for which claim is made and occurring within six months of date of accident, excepted)."

The instruction follows closely the language of the constitution and by-laws of appellant. The seventh instruction given at the request of appellant required appellees to prove that the insured came to his death as the result of external, violent and accidental means independent of all other causes. The first instruction given the jury told it, that the instructions constituted and should be regarded as a connected series. An in-

304    APPELLATE COURTS OF ILLINOIS.

Rowden v. Travelers Protective Ass'n of Am., 201 Ill. App. 295.

struction in the language of the contract and as part of a series is not erroneous or misleading when it does not direct a verdict if certain facts are proven.

It is said the eighth instruction given for appellees "is bad because it directs the jury to reject the testimony of a witness if they believe his evidence is unreliable." The instruction tells the jury they are not bound to take the testimony of any witness as absolutely true and they should not do so if they believe from the evidence that such witness is mistaken in the matters testified to by him or her, or for any reason appearing in the evidence, his or her testimony is untrue or unreliable. The tenth instruction given at the request of appellant told the jury "they are not bound to believe any thing to be a fact, because a witness has testified it to be so, provided, the jury believe from all the evidence, that such witness is mistaken, *or* has knowingly testified falsely, as to such supposed fact or facts." We see no error in appellees' instruction, and appellant may not complain of the giving of an instruction similar to the one given at its request.

Appellant's refused instructions one and three, in substance, told the jury that if they believe from the evidence that appellees have failed to establish "that the means employed by James C. Rowden in pulling the limb of the tree were different than he anticipated," then plaintiff cannot recover even if an accident resulted. If the insured did what he intended to do and nothing was accidental or unexpected 'to him except the result, then the verdict must be for the defendant. There is no meaning in the expression that the means used by the insured in pulling on the limb were different than he anticipated. The instructions were clearly bad and it was not error to refuse them. All the other refused instructions requested by appellant were included in and fully given in appellant's given instruc-

tions, and it was unnecessary to duplicate legal propositions.

It was a question of fact for the jury whether the accident was the proximate cause of the death of the insured in that the surgical operation from which the embolus arose was necessary and was caused by the accidental injury of the insured. On a careful examination of all the evidence, we cannot say that the verdict and judgment are not sustained by the evidence, and finding no errors of law in the case requiring its reversal, the judgment is affirmed.

*Affirmed.*