**Dollie M. Schleicher, Defendant in Error, v. General Accident, Fire & Life Assurance Corporation, Ltd., Plaintiff in Error.**

### Gen. No. 7,519.

1.  Appeal and error—*when finding of jury upon special interrogatory binding upon reviewing court.*   The finding of a jury in response to a specially submitted interrogatory is binding upon the reviewing court where plaintiff in error made no objection thereto during the trial and did not seek to have it set aside or make it the basis for a motion for a new trial.

2.  Saving questions for review—*motion for direction of verdict as saving question of sufficiency of evidence to support answer to special interrogatory.*   The question as to the sufficiency of the evidence to support the finding of the jury in response to a specially submitted interrogatory is not saved for review by reason of the fact that plaintiff in error asked that a verdict be directed in his favor.

3.  Saving questions for review—*assignment verdict against weight of evidence as saving question of sufficiency of evidence to support answer to special interrogatory.*   A general objection that the verdict is contrary to the weight of the evidence does not save

for review the question of the sufficiency of the evidence to support the finding of the jury in response to a specially submitted interrogatory.

4. INSURANCE—*"accidental means" defined.* An effect which is not the natural or probable consequence of the means which produced it, an effect which cannot be reasonably anticipated from the use of such means, an effect which the actor did not intend to produce and which he cannot be charged with the design of producing, is produced by accidental means.

5. INSURANCE—*death resulting from administration of gas preliminary to extraction of tooth as due to accidental means.* Death resulting from the administration of nitrous oxide gas in connection with the extraction of a tooth, is a death as the result of accidental means within the terms of a policy of accident insurance, although it was the intention of the assured to have the tooth extracted and to have the gas administered in preparation therefor.

6. SAVING QUESTIONS FOR REVIEW—*failure to object during trial to want of foundation for opinion evidence as precluding consideration on review.* An objection that a medical witness was allowed to state his opinion as to the state of an insured's health prior to the administration of gas preliminary to the extraction of a tooth, based upon conditions then observed as to which the jury were not informed, cannot be considered in the Appellate Court where no objection was raised on the trial to the questions and answers objected to.

7. SAVING QUESTIONS FOR REVIEW—*failure to object to improper hypothetical question during trial as precluding objection on review.* An objection that a hypothetical question submitted to a medical witness contained elements not appearing in the evidence cannot be entertained on review where the objection was not made during the trial.

8. SAVING QUESTIONS FOR REVIEW—*failure to move for exclusion of answer invading province of jury as precluding objection on review.* No reversible error was committed by the trial court in failing to exclude an answer of a medical witness to a hypothetical question invading the province of the jury where no motion was made to exclude it, especially where it appears that the court sustained objections to other questions calculated to bring out the same answer as did the hypothetical question.

9. TRIAL—*discretion of trial court as to reopening case for taking of additional testimony after argument begun.* The question whether the court shall reopen a case after argument has commenced for the purpose of hearing the testimony of an additional

witness is one addressed to the discretion of the trial court, and its decision thereon is not subject to review.

Error by defendant to the Circuit Court of Peoria county; the Hon. John M. Niehaus, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed April 5, 1926.

John A. Bloomingston and Miller, Elliott & Westervelt, for plaintiff in error.

McGrath, Stone & Daily, for defendant in error.

Mr. Presiding Justice Jones delivered the opinion of the court.

This is a suit instituted in the circuit court of Peoria county to recover upon a policy of insurance, insuring John Edward Schleicher against bodily injuries effected directly and independently of all other causes through accidental means (excluding suicide, sane or insane, or any attempt thereat, sane or insane), and providing for the payment of the principal sum of $7,500 in case of death to Dollie M. Schleicher, as beneficiary. A trial by jury was had and the jury returned a verdict in favor of the defendant in error. A motion for a new trial having been made and denied, judgment was rendered on the verdict and plaintiff in error prosecutes this writ of error.

It appears from the evidence that John Edward Schleicher, of the City of Peoria, died on October 21, 1923, from the effects of, a weakened heart. Prior thereto, on July 12, 1923, he had a tooth extracted by a dentist of that city. Before the extraction, and as a part of the operation, the doctor in charge administered nitrous oxide gas to the decedent. The effects of the gas upon the decedent were noticeable within a very short time after the operation. As a result of the administration of the gas, decedent developed a nausea upon reaching the street, vomited, could not go any farther and had to be taken home in an automobile,

where he was put to bed. There were immediate signs of injury to his heart. He never recovered and gradually grew worse until he died. Defendant in error contends that prior to the extraction of the tooth, decedent had never had any heart trouble. The night before the extraction of the tooth Dr. Sedgwick examined him and testified to finding nothing abnormal about the heart. Decedent had also been examined by Dr. Hubbard in August, 1912, for life insurance, and again two months later, and nothing was found indicating there was anything the matter with his heart. About the middle of December, 1922, Dr. Sedgwick again gave him a physical examination, and he testified that his examination indicated a normal heart; but that he had a functional nervous trouble, without any organic foundation. Decedent spent about two months in Florida, the first two weeks of which his physician was with him. His physician testified that he returned very much improved; that he attended to his business; and that his condition so remained up to the time he had the tooth extracted.

At the request of the plaintiff in error, the court submitted to the jury the following special interrogatory: "Did John E. Schleicher come to his death directly and independently of all other causes from the administration of nitrous oxide gas on the 12th day of July, 1923?" The jury answered "Yes." That question was the principal one in dispute before the trial court. It was specially submitted to the jury and decided by it in the affirmative. Plaintiff in error made no objection to such finding in the trial court. It did not seek to have it set aside and did not complain of it as a ground for a new trial. In this state of the record such finding is conclusive in this court. In *Brimie v. Belden Mfg. Co.*, 287 Ill. 11, a special interrogatory was submitted to the jury upon which the jury made a specific finding. On page 15 of the opinion, the court said: "The principal arguments in the briefs center

about this special interrogatory and finding. It has been held by this court that the defendant is conclusively bound by a special finding of fact such as is here involved unless error has been assigned thereon and the question has also been raised on the motion for a new trial. (Citing cases.) No motion was made by plaintiff in error to set aside this special finding of fact in the trial court, nor was any error assigned thereon, either in the Appellate Court or this court. It is, however, contended here that the question was preserved by motion made by plaintiff in error in the trial court requesting that court to direct a verdict for plaintiff· in error, and was also preserved in the motion for new trial by the general objection that the verdict was contrary to the weight of the evidence. Under the rulings of this court neither of these points can be sustained.'' The case of *Pennsylvania Coal Co. v. Kelly,* 156 Ill. 9, was also a case in which there had been special findings, and on page 15 of the opinion the court said: ''The case is, however, urged on behalf of appellant as though it was not bound by the special findings, and it is said some of them are wholly unsupported by the evidence. No objection of that kind was taken before the trial court, by motion for a new trial or otherwise, and therefore it cannot be urged now.'' In the case of *Avery v. Moore,* 133 Ill. 74, the court said: ''Having asked for this special finding of fact, and the jury having returned an answer to the interrogatory, if appellant thought the finding was not supported by the evidence, he should have applied for a new trial, assigning that as a reason. * * * This he did not do.''

It now being conclusively settled in· this case that the decedent came to his death directly and independently of all other causes from the administration of nitrous oxide gas, we must inquire whether or not such death was accidental within the meaning of the policy. Plaintiff in error contends that according to the facts

shown by the record, the decedent did not come to his death as the result of accidental means, basing such contention on the proposition that the decedent in taking the gas and having a tooth extracted was doing just what he intended to do, and that where one does an act in the manner intended, with a result which was not intended, the result does not ensue from "accidental means." Notwithstanding what some of the other courts have said concerning cases involving the same question, we are of the opinion the courts of Illinois are committed to the rule announced in 4 Cooley's Briefs on Insurance 3156: "An effect which is not the natural or probable consequence of the means which produced it, an effect which does not ordinarily follow and cannot be reasonably anticipated from the use of such means, an effect which the actor did not intend to produce and which he cannot be charged with the design of producing, is produced by 'accidental means.' "

This rule is sanctioned in *Fidelity & Casualty Co. of New York v. Morrison,* 129 Ill. App. 360; and in *Rowden v. Travelers Protective Ass'n of America,* 201 Ill. App. 295. It seems to have been applied in *Higgins v. Midland Casualty Co.,* 281 Ill. 431. The evidence in this case shows that death from the administration of nitrous oxide gas is not the usual and probable result; that it is a very rare occurrence; and that the percentage is as low as 1 to 200,000. The death here involved was produced through "accidental means" as that term is construed by the courts of this State.

It is next insisted by plaintiff in error that Dr. Sedgwick was allowed to give his opinion from the conditions he observed in the patient, which observations the jury knew nothing about. Dr. Sedgwick testified in detail as to the conditions he had observed and it does not appear that he testified to any condition he had not observed. The record does not bear out

this contention of plaintiff in error, and besides that, no such objection was made in the trial court to the questions or answers now complained about; therefore none can be raised in this court. It is claimed that a hypothetical question submitted to Dr. Collins contained certain elements that did not appear in the evidence and that his answer invaded the province of the jury. The question was not objected to on the first ground and plaintiff in error cannot do so now. There is basis for the complaint as to answer of the witness but no motion to exclude it. The court sustained objections to other questions calculated to bring out the same answer as did the hypothetical question and would doubtless have excluded the answer complained of, had a motion to that effect been made. Similar complaint is made of the testimony of Dr. Hubbard and the record situation is about the same as that pertaining to the testimony of Dr. Collins. We do not believe any reversible error was committed in connection with the testimony of said witnesses or with the rulings of the trial court.

Lastly it is insisted that the court erred in refusing to reopen the case on the part of plaintiff in error after it had closed its case and after argument of counsel had started. Whether or not a judge should reopen a case after it has once been closed and then wait for a witness to arrive who is not present is a matter within the discretion of the court, and the exercise of such discretion is not reviewable. (*Schwitters v. Springer*, 236 Ill. 271; *Hartrich v. Hawes*, 202 Ill. 334.)

We are of the opinion that the record is without substantial error and the judgment of the circuit court of Peoria county will be affirmed.

*Judgment affirmed.*